A. N. MOYER, *as Executor of the Estate of S. F. Mather, deceased,* v. THE BADGER LUMBER COMPANY, PHILIP R. TOLL, AND H. T. CORSON.

No. 756.* (62 Pac. 434.)

PRACTICE, DISTRICT COURT—*Receivership—Distribution of Funds —Duty of Court.* Where, in an action pending, the court, upon the stipulation and agreement of all the parties in interest, appoints a receiver to take charge of the property in controversy, collect rent thereon, and pay taxes thereafter accruing, and said case is dismissed by the court for want of jurisdiction of the subject-matter, it is the duty of the court to distribute the funds collected by the receiver as rent according to the terms of said stipulation so far as is provided therein, and return the property and the remainder of the funds in his hands undistributed to the party from whom it was taken.

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed October 6, 1900. Affirmed.

*Hutchings & Keplinger,* for plaintiff in error.

*Samuel Maher,* and *Getty & Hutchings,* for defendants in error.

The opinion of the court was delivered by

WELLS, J. : The plaintiff in error recovered a judgment in the district court of Wyandotte county against C. E. Witham for $7424.40 and costs, and for the foreclosure of a mortgage securing the same. More than one year thereafter the defendant in error recovered a personal judgment against said Witham. Afterward the plaintiff in error caused an order of sale to be issued on his foreclosure judgment. The defendant in error claimed that by the failure of the plaintiff in

*Petition for order to certify allowed by supreme court December 3, 1900, and case afterward dismissed in that court.—REP.

error to issue execution within one year on his judgment the same lost its priority and became second to the judgment of the defendant in error, and he brought an action in the court of common pleas of said county to determine such priorities and, in the meantime, to enjoin proceedings on the order of sale. A temporary injunction was granted. Afterward the plaintiff in error made a motion for the appointment of a receiver in the last-mentioned action, and while that motion was pending, by the agreement of all the parties, including P. R. Toll, who was, at that time, the owner of the title and in possession of the property sought to be appropriated to the payment of said judgments, a receiver was appointed to take charge of the property and collect the rents thereon, and to take proper steps to insure said property and to pay taxes thereafter accruing on said property out of the rents received therefrom.

After the receiver had collected several hundred dollars as rent, the case came on for trial, and on the motion of this plaintiff in error the case was dismissed, for the reason that the court had no jurisdiction of the subject-matter. Afterward the receiver was discharged, and ordered to pay the money in his hands to Toll, the owner of the property. To reverse this order the case is brought here.

It is contended by the plaintiff in error that, as the original debtor was insolvent and the property clearly insufficient to pay the liens thereon, the proceeds in the hands of the court should have been applied to the payment of the taxes on the property ; while the defendants in error claim that, as the court had no jurisdiction of the subject-matter, the only proper thing for it to do, when that fact appeared, was to return the property and its proceeds to the party from

whom it was unlawfully taken. We apprehend that the correctness of the latter contention, as a general rule, will not be seriously disputed; but in this case the owner of the property joined with the other parties in asking the appointment of a receiver and defining his duties, and, by the agreement of all parties interested, the court took jurisdiction of the rents of the property, and it was its duty to distribute them according to the stipulation for the appointment. The stipulation provided for the payment of taxes thereafter accruing on the property, and there is nothing before us by which we can say that any taxes accrued thereon between November 6, 1897, and October 16, 1898. ''Accrued,'' as used in the stipulation, evidently means substantially the same as to become due and payable. The taxes for 1897 by law became due on November 1, 1897, while the taxes for 1898 were not due at the time the receiver was discharged; so it is not clear that any taxes accrued while the receiver had charge of the funds. Under these circumstances we cannot say the court erred.

The judgment of the court of common pleas is affirmed.