WOOD COAL COMPANY *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 8719)

Submitted January 12, 1938.   Decided February 8, 1938.

*George W. Wood,* for appellant.
*Ira P. Hager,* for respondents.

HATCHER, JUDGE:

November 8, 1930, the Compensation Commissioner fixed the disability of Rex Hull, an injured claimant of compensation, at 25%, payments on which expired December 30, 1930. Hull made timely objection and asked further consideration. February 27, 1931, the commissioner refused to reopen the claim. Thereafter, from time to time, Hull importuned the commissioner, without success, until September 21, 1933, when the claim was reopened as of July 9, 1933, on the basis of a temporary disability to be carried "for a reasonable length of time." Hull died April 3, 1934, without change in his last rating. April 22, 1934, his widow and children (under eleven years of age) represented to the commissioner that Hull had been totally disabled from the date of his injury to his death, and that they were entitled to the compensation which he should have had but did not receive, between December 30, 1930, and July 9, 1933. May 3, 1934, this claim was refused. May 7, 1934, the claimants protested and demanded a hearing. May 18, 1934, a hearing was refused. Nothing more was done until July 5, 1935, when the claim was re-presented. It was refused initially by the commissioner, but on appeal to the Board a hearing was directed, upon which the commissioner awarded Mrs. Hull "accrued compensation for the periods December 17, 1930, through July 8, 1933, and March 1, 1934, through April 2, 1934, upon a finding of fact that the claimant, Rex Hull, was totally disabled for the periods." On appeal to the Board, it held that Mrs. Hull was barred from participation in the amount found due under the claim of Rex Hull "as accrued compensation",

but that it be paid to her for the benefit of the children.

This proceeding involves two questions of law, viz: (1) Did the claimants ever have any lawful right to what they demand; and (2) if so, have they lost that right?

1. The statute relating to the first question is Code, 23-4-6, which provides as follows: "Compensation under this section shall be payable only to the injured employee, and the right thereto shall not vest in his or her estate, except that such compensation as may have accrued to the date of his or her death shall be paid to the dependents of such injured employee * * *." It is not our duty either to justify or criticize the provisions of compensation statutes, but merely to construe them. And while in case of doubt, our construction should favor the injured employee or his dependents, liberal construction does not imply strained construction. If the statutory language is plain, it should be given its customary meaning. *Cambridge* v. *Johnson*, 160 Md. 248, 153 A. 283. Under the above statute, the right of the injured employee to compensation is plainly restricted to himself, and perishes with him, except as to the compensation which has *accrued* at the date of his death. Counsel have diligently cited a number of authorities as persuasive on the construction of this exception. But as said in *Sea Gull Specialty Co.* v. *Snyder*, 151 Md. 78, 134 A. 133-4: "* * * decisions of other courts of last resort are of little practical value * * * because there are nearly as many different statutes dealing with and covering workmen's compensation as there are states in the Union * * *." Counsel who would support the award have referred us to no decision based on a statute circumscribed in manner like ours. For example, they stress the case of *Butts* v. *Montague*, 204 N. C. 389, 168 S. E. 215. That decision is not persuasive, however, because based on a statute which confers upon the dependents of a deceased employee not merely *the compensation which has accrued to him,* as our statute does, but "the unpaid balance of compensation" which "the employee *would have been entitled to had he lived." N. C. Code 1935, sec. 8081 (S. S.).

The word "accrued" when employed in connection with payment of money is commonly understood to designate

money, the right to which has vested. "The technical meaning of the word 'accrued', as defined in the dictionary, is the possession of a present, enforceable right. A note is said to accrue when it becomes due and payable." *Allen* v. *Armstrong,* 58 App. Div. 427, 68 N. Y. S. 1079, 1080-1. Accord: *Fay* v. *Holloran,* 35 Barb. (N. Y.) 295, 297; *Cutliff* v. *McAnally,* 88 Ala. 507, 509, 7 So. 331; *Moyer* v. *Badger,* 10 Kan. 142, 62 P. 434, 435; *Employers' Mut. Ins. Co.* v. *Ind. Comm.,* 89 Colo. 475, 3 P. (2d) 1079, 1081-2. One of the few statutes resembling ours is that of Colorado, which provides that upon the death of an employee entitled to compensation, any portion thereof "accrued and unpaid" at the time of his death shall be paid to his dependents. See Colo. L. 1919, sec. 57. The Supreme Court of Colorado applied that statute in the case above, last cited, to a situation like the one at bar, as follows: "* * * If, at the time of Elliott's (the employee's) death, there was an unpaid balance of the temporary partial disability award made prior thereto, that had become due and payable to Elliott in his lifetime, such balance was 'accrued and unpaid' within the meaning of section 57, supra, * * *."

Under the West Virginia plan, the right to compensation becomes present and enforceable only when and as payment is authorized by the commissioner or a supervisory body. Compensation was denied Hull during the period between December 30, 1930, and July 9, 1933; so, no matter how well grounded his claim of compensation therefor, his right to such compensation never became vested—it never accrued. On the other hand, subsequently, the commissioner made to Hull in his lifetime an award of temporary disability which extended through the period between March 1, 1934, and April 2, 1934, inclusive. Compensation for that period was due and unpaid when he died. This compensation had therefore accrued, and after his death, became payable to his dependents.

2. In *Sudraski* v. *Commissioner,* 116 W. Va. 441, 181 S. E. 545, we held that the statutory limitations qualifying the rights of claimants of compensation applied to children the same as adults. Consequently, counsel for

the employer contends that the children as well as Mrs. Hull are barred of any recovery by Code, 23-5-1, because of failure to appeal within ninety days after the rejection of their claim by the commissioner on May 18, 1934. From the language of the statute, it is manifest that the limitary provisions thereof relate to claimants of personal compensation, not claimants of compensation allegedly accrued to another person.

The order of the Board is reversed and the proceeding remanded.

*Reversed and remanded.*