EFFIE McDANIEL *v.* STATE COMPENSATION COMMISSIONER, *et al.*

(No. 8865)

Submitted January 31, 1939. Decided February 14, 1939.

*Christie & Christie,* for appellant.

*Clarence W. Meadows,* Attorney General, *Marlyn Lugar,* Special Assistant Attorney General, and *Crockett & Tutwiler,* for respondents.

KENNA, JUDGE:

This claimant of compensation is the widow of Creamer McDaniel who was injured August 22, 1934, while employed by Pocahontas Fuel Company at its operation in Mercer County. McDaniel applied for compensation shortly after he was injured, and his application was still pending before the Commissioner at the time of his death on March 3, 1938. In the intervening period, de-

cedent was awarded compensation on a twelve per cent rating which was increased by the Commissioner to fifteen per cent on July 29, 1936. On appeal by the claimant, the Appeal Board raised the later rating to thirty-seven per cent. Claimant appealed from the Board's order, and this Court reversed the Board's finding and remanded the case to the Commissioner "for further development in accordance with the written opinion aforesaid, and the award of compensation to the claimant based thereon." *McDaniel* v. *Workmen's Comp. Appeal Board*, 118 W. Va. 596, 191 S. E. 362.

There was no compensation paid to McDaniel from the time the payment on the twelve per cent award ceased to the date of his death (August 4, 1935, to March 3, 1938).

The claimant appeals from the Commissioner's and Appeal Board's orders declining to pay her under Code, 23-4-6 (e), the compensation contended to have been payable to McDaniel in his lifetime.

The employer contends that the claim of McDaniel's widow is to be governed by the principles laid down by this Court in *Wood Coal Company* v. *State Compensation Commissioner*, 119 W. Va. 581, 195 S. E. 528.

In that case, the claimant had no unsatisfied award and his rating, fixed approximately three and one-half years before his death, had not been altered, though the Commissioner reopened the case with a temporary award which was being paid at the time of that Claimant's death. The first syllabus point of the opinion in that case reads as follows: "Accrued compensation under Code, 23-4-6, is awarded compensation, due and payable." The section of the Code under consideration [sub-section (i)] in the syllabus makes provision for the dependents of a person with a temporary total compensable injury receiving compensation "accrued to the date of his death."

The award made McDaniel in his lifetime does not fall within that classification since it was based upon a thirty-seven per cent permanent partial disability rating.

The applicable sub-section of Code, 23-4-6, is subsection (e).

At the time of McDaniel's death, an unsatisfied award, based upon thirty-seven per cent disability, which had been raised by the Board from fifteen per cent, which in turn was raised from twelve per cent by the Commissioner, had been, in the rather loose nomenclature used in compensation cases, set aside and reversed by this Court. The material pending question is whether this so-called reversal is to be taken as an absolute nullification of McDaniel's award, or whether the object of this Court's order is to be taken into consideration so that the broadly remedial and benign legislation shall not be construed to deprive a claimant's dependent wife of compensation awarded to her husband when this Court directs the Commissioner to set aside the award because it was inadequate? An affirmative answer to the first query would require that the award of compensation to McDaniel in his lifetime be disregarded, bringing this case within the principle enunciated in the *Wood Coal Company* case. If, however, the setting aside of a compensation award is not to be taken as a nullification any more than would the direction by this Court for the entry of a modified chancery decree, then the Commissioner should be directed to pay this claim.

The so-called "appeals" in compensation cases that lie to this Court have been likened to proceedings in mandamus. *DeConstantin* v. *Pub. Service Comm.*, 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916A, 329; *Poccardi* v. *Pub. Service Comm.*, 75 W. Va. 542, 84 S. E. 242, L. R. A. 1916A, 299; *Proffit* v. *Compensation Commissioner*, 108 W. Va. 438, 151 S. E. 307; *Lively* v. *Compensation Commissioner*, 113 W. Va. 242, 167 S. E. 583. When this Court reaches its conclusion concerning the questions involved, the Commissioner is by it instructed what course to follow. He was so instructed in McDaniel's former appeal. It therefore becomes necessary to refer to the opinion which this Court rendered in that case to see how the Commissioner would have been required to act in order to carry out this

Court's instructions "in accordance with the written opinion aforesaid", and what would have occurred had he awarded compensation based thereon. The opinion referred to was made a part of the Commissioner's order, which purported to set aside the former award based upon a thirty-seven per cent disability, and it closes in 'the following language: "On the basis of what has been said, the case will be remanded to the Compensation Commissioner with direction to make such award, taking into consideration the loss of the plaintiff's left arm in the year 1903, as he may deem proper under all of the facts and circumstances of the case." The thirty-seven per cent disability rating by the Appeal Board had disregarded the loss of claimant's left arm prior to his compensable injury. This Court directed the Commissioner to take that fact into consideration. The result would have inevitably been an increase of McDaniel's percentage of disability, and the question now is whether this direction constituted a nullification of the award which, it was contemplated, should be increased. We are of the opinion that this Court's order, based upon the insufficiency of a compensation award, should not be regarded as a nullification of the award under consideration. Clearly, this Court was sustaining the claimant's contention that the award was inadequate. Not being a fact-finding tribunal and a compensation appeal being regarded as analogous to a mandamus proceeding, this Court could not fix McDaniel's disability rating. It could, however, direct the Commissioner to the things to be considered in arriving at the proper award and point out the proof that he had erroneously disregarded. These findings all favored McDaniel. The case was remanded to the Commissioner for the purpose of increasing McDaniel's disability rating, resulting in greater, not less, compensation. The employer's contention would result in this Court's order having the diametrically opposite effect to this Court's purpose and in the employer receiving the resultant benefit by being relieved of the payment of a compensation award when supposedly the Commissioner

was but carrying out this Court's order to increase claimant's disability rating. An increased rating is not now possible, as it was not possible in the *Wood Coal Company* case.

Our finding is that claimant is entitled to receive an award based upon the thirty-seven per cent rating, the compensation covering a period of one hundred forty-eight weeks (Code, 23-4-6 [c], last paragraph). Since claimant, in his lifetime, was paid the compensation based upon his twelve per cent rating, that is to be deducted from his award based upon a thirty-seven per cent rating, which leaves remaining unpaid the equivalent of a twenty-five per cent award, or one hundred weeks.

*Reversed and remanded.*

Fox, PRESIDENT, dissenting:

I respectfully dissent from the holding of the majority in this case. In *Wood Coal Company* v. *Compensation Com'r.*, 119 W. Va. 581, 195 S. E. 528, we held: "Accrued compensation made under Code, 23-4-6 is awarded compensation due and payable." The effect of the present holding is that compensation to which the deceased claimant may have been entitled under an award which, on his own appeal, had been set aside, and which might ultimately have been awarded him in the proceeding pending before the Compensation Commissioner at the date of his death, is "accrued compensation" within the meaning of the same section. The two holdings cannot, in my opinion, be reconciled.

The deceased claimant was dissatisfied with the award made to him by the Compensation Commissioner and the Appeal Board, and exercised his right of appeal to this court. Our decision held him entitled to have considered injuries which he had sustained in 1903, the effect of which, in all probability, would have increased the award of compensation. But the award theretofore made was set aside, and before a new award was made, claimant died. If "accrued compensation" means "awarded

compensation, due and payable", then, clearly, there was no accrued compensation at the date of claimant's death.

I cannot distinguish this case from other cases where money recovery is sought on an alleged right. The fact that a workman's right of recovery rests on a statute, and is based on humanitarian motives, does not make his case different, as respects the effects of orders entered on his claim, from cases where recovery is sought in other tribunals, and on some other basis. Frequently a plaintiff is dissatisfied with a decree or judgment on account of alleged inadequacy. When by appeal or writ of error he secures a reversal on that ground, the judgment or decree complained of is set aside, and thereafter has no force or effect for any purpose whatever, and a trial *de novo* is had. He takes the risk involved in surrendering the decree or judgment he has already obtained. The new judgment or decree may be for a greater or less amount, and the fact that the decision of the appellate court may place him in a more favorable position is immaterial. He cannot rely on a former position based on an adjudication which the appellate court has nullified. This is, I think, accepted law.

In the case before us, the rule applicable to cases of law or equity creates an unfortunate situation, from the standpoint of the widow of the claimant; but that situation grows out of the deceased claimant's deliberate act whereby he lost the effect of the award from which he appealed. The *Wood* case, in my judgment, is conclusive of the question presented. The case before us is an appealing one, but liberal construction of the compensation act should not be extended to the point of conflicting with well established legal principles and the decisions of this court.

I am authorized to state that Judge Hatcher concurs in this note of dissent.