HELEN B. LESTER, *Widow, etc. v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9209)

Submitted September 23, 1941. Decided October 7, 1941.

*Ned H. Ragland* and *Floyd M. Sayre,* for appellant.
*File, Scherer & File,* for appellees.

Fox, Judge:

Clark Lester, an employee in the mines of the C. C. B. Smokeless Coal Company, was injured in the course of his employment on September 9, 1932. His injuries were of such a nature as to require the amputation of one leg at the thigh. He was awarded compensation on a temporary basis. On May 3, 1933, his disability, on a permanent partial basis, was fixed at fifty per cent under sub-section (d) of Code, 23-4-6, and compensation awarded for two hundred weeks at $10.42 per week, he being charged with $291.76 paid to him under the temporary award. On June 23, 1933, his weekly compensation was increased to $15.86 per week. In the meantime he had been advanced $225.00 for the purpose of purchasing an artificial limb, which amount was to be deducted from the final payments under his award. He died on August 26, 1933. A claim for compensation filed by his widow on the ground that his death resulted from the injuries mentioned above, was denied by the Compensation Commissioner on June 18, 1934. At the time of his death there was due him, for accrued compensation under his award, the sum of $58.91, and this sum was paid to his widow. The total of the final award of compensation was $3,172.00, and it is conceded that there has been paid thereon $533.72, leaving a balance of $2,638.28 which has not been paid.

On July 8, 1940, the widow of Lester, presumably acting for herself and the dependent children of the deceased, made application to the Compensation Commissioner for the payment to her of said balance, grounding her claim on sub-section (d) Code, 23-4-6, as well as an amendment thereof covered by Chapter 104, Acts of the Legislature, Regular Session, 1937, Article 4, section 6-e, and now

appearing in Michie's Code, 1937, 23-4-6 (e). The claim was denied by the Commissioner on November 20, 1940, and his action affirmed by the Compensation Appeal Board on February 22, 1941, and comes to us on appeal from said Board. We must, therefore, examine the statutes relied on to ascertain whether either or both furnish a proper basis for the claim, and this requires quotation of the pertinent parts thereof.

Code, 23-4-6, sub-section (i) in effect at the date of Lester's injury reads:

"Where an injury results in temporary total disability for which compensation is awarded under subdivision (a) of this section, and such injury is later determined a permanent partial disability under subdivision (c), the amount of compensation so paid shall be considered as payment of the compensation payable for such injury in accordance with the schedule in subdivision (c). Compensation under this section shall be payable only to the injured employee, and the right thereto shall not vest in his or her estate; except that such compensation as may have accrued to the date of his or her death shall be paid to the dependents of such injured employee, if there be such dependents at the time of death;".

Sub-division (e) of this section as amended in 1937 reads:

"Should a claimant to whom has been made a permanent partial award of less than eighty-five per cent for one of the specific disabilities as set forth in subdivision (d) and subdivision (e) hereof die from sickness or non-compensable injury, the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter, if any; such payment to be in the same installments that would have been paid to claimant if living: * * *".

Claimant's contention is that under the statute in effect at the date of Lester's injury she is entitled to have paid to his dependents, including herself as his widow,

the full amount of the balance of the award in question; that the fixing of the award at a given sum and for a particular number of weeks makes definite the sum of money to be paid; that the same was charged to the employer, and in legal effect set aside for the purpose of making full payment of the award in question; and that the same became a vested and accrued right which only the payment of the full amount of the award would satisfy. Such contentions, we think, ignore the plain provisions of the statute in effect at the date of the injury. That statute says, "Compensation under this section shall be payable only to the injured employee, * * * except that such compensation as may have accrued to the date of his or her death shall be paid to the dependents of such injured employee, if there be such dependents at the time of death." We would not be warranted in departing from the plain meaning of the words employed. The very language used imports a distinction between the total of the award, and that portion thereof which might accrue thereunder from time to time. If the whole of the award accrued at the date of the order making it effective, of what value is the provision that only a part of the award— the accrued portion—should be paid to dependents, and if the statute is to be given the meaning contended for by the claimant why was the 1937 amendment enacted? Furthermore, we have construed the meaning of the word "accrued" as used in this section. In *Wood Coal Company* v. *State Compensation Com'r*, 119 W. Va. 581, 195 S. E. 528, we held, "Accrued compensation under Code, 23-4-6, is awarded compensation, due and payable." *McDaniel* v. *State Compensation Com'r*, 121 W. Va. 60, 200 S. E. 47, relied on by the claimant, was a case where the compensation involved had accrued, and, therefore, is not in point on the case here presented, where, admittedly, a large portion of the award was not due and payable at the date of death. We therefore hold that there can be no further payment to Lester's dependents from the award made to him in his lifetime, so far as the claim thereto is based on the statute in effect at the date of his injury.

But it is contended that payment of the full balance of

the award should be made to Lester's dependents under the statute now in effect. It is clear that under such statute payments of the class contended for should be made, in cases of injuries sustained subsequent to its enactment. But can we by judicial fiat make the present statute retroactive and cover cases arising more than four years prior to its enactment, as to a substantive matter affecting a change in the payment of an award already lapsed by the death of an employee? As we have held, Lester's dependents had no rights under the statute as it was at the date of his injuries, except such portion of the award made to him as may have accrued at his death, and this has been paid. Therefore, when we are asked to declare the 1937 amendment retroactive we are asked to create in Lester's dependents a new right, and impose a new burden on the fund.

While compensation statutes should be liberally construed in favor of the employee, we cannot abandon old and settled principles of law. Among these is the presumption against making statutes retroactive in their effect. "There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retrorespective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. Every reasonable doubt is resolved against a retroactive operation of a statute." 25 R. C. L. 787. See also, 59 C. J. 1159; *Stewart* v. *Vandervort,* 34 W. Va. 524, 12 S. E. 736, 12 L. R. A. 50; *Barker* v. *Hinton,* 62 W. Va. 639, 59 S. E. 614, 13 Ann. Cas. 1150; *Harrison* v. *Harmon,* 76 W. Va. 412, 85 S. E. 646; *Fairmont Wall Plaster Co.* v. *Nuzum,* 85 W. Va. 667, 102 S. E. 494. This presumption is entitled to special weight in cases involving contract relations, and, as we held in *Hardin* v. *Appeal Board,* 118 W. Va. 198, 189 S. E. 670, 672, under our compensation laws the relation between employer and employee with respect to compensation is contractual. In other words Lester and his employer contracted with respect to compensation for injuries on the

basis of what the pertinent statute was at that time, and the right of a legislature to employ retroactive legislation to change or impair the obligation of an existing contract can only be justified in cases where the exercise of the police power of the state calls for some impairment of contract rights in the public interest. In this case, however, there is no showing of any legislative intent to make the 1937 amendment retroactive, and, strictly speaking, the question of its right to do so does not arise. The "clear, strong and imperative" words necessary to show any intent to make the legislation retroactive are not present in the statute.

The rule against construing legislation as retroactive is somewhat relaxed in cases where it is classed as remedial, or affects procedure only. "Remedial statutes, which neither create new rights nor take away vested ones, are not within the strict application of the rule." 25 R. C. L. 790. But even where the legislation affects procedure only, it cannot be made retroactive when the effect will be "to impair the obligation of contracts or to disturb vested rights." Id. 791. In *Hardin* v. *Appeal Board, supra,* we held that, "Any amendment to a statute which either destroys a substantial right or creates a new right, cannot, in our opinion, be treated as a mere matter of procedure." The 1937 amendment established a new status for the dependents of employees who might suffer injuries of a particular class, a status which they did not possess before the effective date of the amendment. While remedial in its nature, it cannot be said to be based upon a change in procedure. That it was remedial and intended to liberalize allowances to dependents does not, in the absence of a clear intent to make it retroactive, afford any sound basis for the present contention that it should be given such effect, even if it were a case where the legislature could have made it retroactive. We therefore hold that the said amendment applies only to injuries sustained subsequent to the effective date thereof.

The ruling of the Compensation Appeal Board is affirmed.

*Affirmed.*