BESSIE HOGSTEN *v.* COMPENSATION COMMISSIONER *et al.*

(No. 9290)

Submitted February 3, 1942. Decided March 17, 1942.

154

*Ira P. Hager,* for appellant.
*Charles M. Love,* for appellee.

Rose, Judge:

On the 30th day of October, 1938, Jay Hogsten, an employee of the Hutchinson Coal Company at its MacBeth mine in Logan County, met with an accident by which the tibia and fibula of his left leg were fractured immediately above the ankle. His injury was promptly classified a temporary total disability by the Workmen's Compensation Commissioner, and compensation was awarded accordingly. Later, the disability was rated as a permanent partial disability of 25%, and compensation was fixed at the amount of $16.00 a week for 100 weeks, beginning the day of his injury and ending the 28th day of September, 1940. After all these installments of compensation had been paid in full, the employee made application for an additional allowance, resulting in an order by the commissioner, made the 27th day of February, 1941, by which his injury was rated 30% permanent partial disability, being an award of 20 additional weeks at the rate of $16.00 a week, beginning as of the day of the expiration of the former award, September 29, 1940, and terminating the 15th day of February, 1941. To this award no objections were made by any party in interest.

On the 10th day of March, 1941, the employee having resumed work for the same company, was killed in the course of his employment. At this time, no part of the award of February 27th had been paid. The widow of the employee, Bessie Hogsten, the appellant here, was promptly given the statutory award of compensation for his death, and on the 15th day of April, 1941, applied also for the accrued and unpaid compensation awarded her

deceased husband by the order of February 27, 1941. This claim was disallowed by the commissioner, and on timely protest, a hearing by that official was held, resulting in the disallowance of the claim, and this action of the commissioner, on appeal, was affirmed by the Workmen's Compensation Appeal Board. The matter comes here on appeal by Bessie Hogsten, the widow.

In the order of the commissioner disallowing the appellant's claim, the decision is based "on the ground that the death of the deceased, Jay Hogsten, was due to a compensable injury, and that therefore, under the provisions of paragraph (e), section 6, article 4, chapter 23 of the Code, no payment of the said unpaid balance may be made; * * *." The reference is evidently to the following sentence in paragraph (e): "Should a claimant to whom has been made a permanent partial award of less than eighty-five per cent for one of the specific disabilities as set forth in subdivision (d) and subdivision (e) hereof die from sickness or noncompensable injury, the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter, if any; such payment to be in the same installments that would have been paid to claimant if living: * * *." It is perfectly apparent that the commissioner was correct in holding that this paragraph conferred no right on surviving dependents to the accrued and unpaid compensation awarded to the husband. Jay Hogsten did not "die from sickness or non-compensable injury." This provision, therefore, had no possible application to him or to the claim here prosecuted.

But paragraph (i) of the same section of the statute is more comprehensive, by reason of the following sentence therein: "Compensation under this section shall be payable only to the injured employee, and the right thereto shall not vest in his or her estate; except that such compensation as may have accrued to the date of his or her death shall be paid to the dependents of such injured employee, if there be such dependents at the time of death; * * *." This provision first appears, though in slightly different language, in paragraph (i) of section 31 of chapter 131 of the Acts of 1919, by which the workmen's com-

pensation statute was amended. The sentence took its present form in the Code of 1931. Its application is universal, and under it, in all cases, surviving dependents have collected the compensation accrued but unpaid at the claimant's death. But under it, also, all compensation not "accrued" at the time of the workman's death became uncollectible by any person whatsoever. *Lester* v. *Compensation Commissioner*, 123 W. Va. 516, 16 S. E. 2d 920; *McDaniel* v. *Compensation Commissioner*, 121 W. Va. 60, 200 S. E. 47; *Wood Coal Co.* v. *Compensation Commissioner*, 119 W. Va. 581, 195 S. E. 528. No inequity in this rule is apparent where the workman's death was itself caused by a subsequent compensable injury. In such case a larger compensation began at the moment the former award for partial disability terminated. There was in such case no loss, but rather an increase of benefits, by reason of the workman's death; nor was there any duplication of compensation, for the partial award terminated when the death award began. And there was no hiatus between the two awards.

But if the workman's death was from a non-compensable cause a very palpable injustice resulted under the practical workings of this statutory rule. The old award ceased at the time of his death and no new award was possible. The compensation to which he was entitled by reason of the first injury, if only partly paid or not paid at all, was cancelled as of the date of his death. The manifest unfairness of this phase of the statute was cured by paragraph (e), above quoted, and which originated in an amendment contained in section 6-e of article 4 of chapter 104 of the Acts of 1937. Since this amendment, if a claimant to whom a permanent partial award of less than eighty-five per cent has been made shall die from sickness or non-compensable injury "the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter, if any; such payment to be in the same installments that would have been paid to claimant if living." This act is in no sense a repeal of the old provision still preserved in paragraph (i) of section 6. It took away no rights provided in that section, but simply

created certain additional rights to dependents where the claimant's subsequent death results from a non-compensable cause.

It is, therefore, apparent that the amendment of 1937, which, in the judgment of the commissioner, defeated the claim here advanced, was inapplicable to the present case, but that, on the contrary, the widow and other dependents of Jay Hogsten were strictly within the class described in paragraph (i) of section 6. Therefore, "such compensation as may have accrued to the date of" Jay Hogsten's death, under the award of February 27, 1941, should be paid to his dependents. Since the whole of that award was accrued at the time of the workman's death, the entire amount is now payable to the present applicant.

The order of the appeal board and that of the commissioner are reversed, and this proceeding is remanded with instructions to make payment to the claimant herein of the full amount of the award made to Jay Hogsten by the order of February 27, 1941.

*Reversed and remanded.*