MRS. JOHN M. HUGHES

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 12048)

Submitted September 7, 1960. Decided September 27, 1960.

*Estep, Smith & Eiland, Edward I. Eiland,* for appellant.

*Jeter & Jeter, Lucille C. Jeter,* for appellee.

CALHOUN, JUDGE:

This case is before the Court on appeal from an order of the Workmen's Compensation Appeal Board dated May 20, 1960, which reversed an order of the State Compensation Commissioner dated January 15, 1960. The basic question presented by this appeal relates to the action of the board in undertaking to give a retroactive effect to its order.

In seeking a further permanent partial disability award, John M. Hughes, who will be referred to herein as "the claimant", obtained a reopening of his claim

on May 26, 1958. Previously he had been granted and paid a fifty per cent permanent partial disability award. On July 17, 1958, the commissioner ruled that the claimant was not entitled to a further permanent partial disability award. The claimant protested this ruling and, after a hearing, the commissioner, on June 9, 1959, entered an order affirming his previous ruling. From that order the claimant appealed to the Workmen's Compensation Appeal Board.

The case was submitted to the appeal board for decision on August 5, 1959, at its regular August, 1959, session. Though the pertinent statute, Code, 23-5-3 as amended, provides that such appeals ''shall be decided by the board at the same session at which they are heard, unless good cause for delay thereof be shown and entered of record'', it was not until December 10, 1959, that the appeal board entered an order reversing the commissioner's order of June 9, 1959, and directing that the claimant be granted a sixty per cent permanent partial disability award, less compensation theretofore paid. The claimant having been paid on the basis of fifty per cent theretofore, the effect of the board's order was to make a ten per cent additional award.

The claimant died on November 17, 1959, from a cause unrelated to his injury and previous employment. On January 4, 1960, the employer's attorneys wrote a letter to the commissioner, enclosing a certified copy of the death certificate and asserting that no compensation should be paid under such circumstances pursuant to the appeal board's order of December 10, 1959. On January 15, 1960, the commissioner entered an order as follows:

> "This claim came on again to be considered this 15th day of January, 1960, upon the order of the Workmen's Compensation Appeal Board, entered on December 10, 1959; and it appearing to the Commissioner from a certified copy of the death certificate, duly recorded with the Registrar of the Department of Health of the State of West Virginia, that claimant died of non-industrial causes on November 17, 1959, prior to the entry of said Appeal Board order and that on Novem-

ber 17, 1959, the Commissioner's ruling of June 9, 1959, appealed from, was in full force and effect; upon consideration of all of which, it is ordered and directed that the said Commissioner's ruling of June 9, 1959, be and the same is hereby affirmed; all of which is accordingly so ordered."

The claimant's widow, as his dependent, appealed to the appeal board from the commissioner's order quoted immediately above. On May 20, 1960, the appeal board entered the order from which the employer has appealed to this Court, which order is in part as follows:

"* * * Upon consideration of all which it is hereby adjudged, ordered and decreed that the order of the Commissioner as of the 15th day of January, 1960, should be and the same is hereby reversed, set aside and held for naught and the claimant widow be paid a ten per cent (10%) permanent partial disability award to which she is entitled under Code 23-4-16(e), as set out in the opinion of the Board hereto attached. And this shall be certified to the Commissioner."

A portion of the appeal board's written opinion is as follows:

"The case . . . . was submitted on appeal to this Board, by counsel for both parties, on August 5, 1959, being the second day of the three day regular August Session. As is the custom of the present Board, and as is shown by our notes, we discussed this case and arrived at the decision set forth in the foregoing opinion before leaving Charleston following the conclusion of the arguments as to cases on the August, 1959, docket. It will be noted that the words 'August Session 1959' appear in the caption of the opinion issued in the Hughes case, that being the Session when the case was submitted and decided.

"As reflected by notes made by the member of the Board to whom the writing of the opinion in this case was assigned, the foregoing opinion, after being written, was mailed to the office of the Appeal Board in Charleston on October 21, 1959.

"The order pertaining to the foregoing opinion and formally directing that the order of the Commissioner

of June 9, 1959 be reversed and the claimant paid a 60% permanent partial disability award, less prior payments, was not entered until December 10, 1959."

Code, 23-5-2 as amended, provides in part: "* * * the board shall meet at the capitol or at such other places throughout the State as it may deem proper, at regular sessions commencing on the first Tuesday in February, April, June, August, October and December, and *continuing as long as may be necessary for the proper and expeditious transaction of the business before it.*" (Italics supplied). Code, 23-5-3 as amended, deals with appeals to the board and is in part as follows: "* * * And thereupon, after a review of the case, the board shall sustain the finding of the commissioner or enter such order or make such award as the commissioner should have made, *stating in writing its reasons therefor * * *.* All appeals from the action of the commissioner shall be decided by the board *at the same session at which they are heard,* unless good cause for delay thereof be shown and entered of record." (Italics supplied). These statutes contemplate that the board shall not adjourn any of its sessions fixed by statute until "the business before it" for such session shall have been completed in the manner prescribed, including the requirement that the board state "in writing its reasons" for its actions in relation to appeals pending before it.

The board's written opinion states that there was a heavy work load before it at "the three day regular August Session"; and implies that this is the reason that no formal action was taken in relation to this case until December 10, 1959. The fact of a heavy work load can not excuse the board from the performance of duties imposed upon it by law.

The fact remains that no formal, final action in relation to this case was taken by the board until it entered its order of December 10, 1959. The board did not dispose of this case in accordance with the requirements of Code, 23-5-3 as amended, at its August, 1959,

session or at any other time prior to December 10, 1959. Claimant was then deceased.

Code, 23-5-4 as amended, provides in part: "From any final decision of the board, including any order of remand, an application for review may be prosecuted by either party, or by the commissioner, to the supreme court of appeals within thirty days from the date thereof. * * *." If the "final decision of the board" occurred during early August, 1959, then the thirty-day period for appeal to this Court expired before the claimant, the employer or the commissioner was notified thereof in the manner clearly contemplated by statute.

Code, 23-4-6 (e) as amended in 1937, provides: "Should *a claimant to whom has been made a permanent partial award,* * * * die from sickness or noncompensable injury, the unpaid balance of such award shall be paid to the claimant's dependents. * * *." (Italics supplied). In the case of *Richmond v. State Compensation Commissioner,* 136 W. Va. 234, 67 S. E. 2d 39, the claimant died from a noncompensable cause, and his dependent widow applied for the unpaid balance of an award previously made to him. In its opinion the Court stated:

> "Prior to the amendment of subsection (e) by Chapter 104, 1937 Acts of the Legislature, the dependents of an employee who had been granted a permanent partial award were not entitled to an accrued unpaid balance of an award where death of an employee resulted from a noncompensable injury. *Hogsten v. Compensation Commissioner,* 124 W. Va. 153, 19 S. E. 2d 439; *Coal Co. v. State Compensation Commissioner,* 119 W. Va. 581, 195 S. E. 528. By virtue of the amendment such dependents are entitled to the unpaid balance of a permanent partial award of from one per cent to eighty-five per cent. The amendment contains no requirement that the award be final, but merely that the award 'has been made.' That the order of the commissioner of April 12, 1950, constituted an award, can not be doubted. Had there been no protest of the award it would have automatically become final after the expiration of the

statutory period fixed as the time within which protest thereto could be filed. The mere suspension of payments under the award during the pendency of the hearing necessitated by the filing of the protest does not nullify the award. See *McDaniel v. Compensation Commissioner,* 121 W. Va. 60, 200 S. E. 47."

In other words, the Court held that an award had "been made" by the commissioner in that case within the meaning of the statute; and in the first point of the syllabus the Court held that "the filing of a protest thereto does not vacate or nullify the award." Conversely, in the case now under consideration no award had "been made" at the date of the death of the claimant. On that date there was in effect the unreversed order of the commissioner denying further benefits. The claimant was not one to whom, at the date of his death, had "been made an award."

The Workmen's Compensation Appeal Board was created by the legislature and has no jurisdiction except as provided by legislative enactment. *State ex rel. McDonald v. Sharp,* 143 W. Va. 68, 72, 99 S. E. 2d 875, 878. "The Workmen's Compensation Appeal Board has no authority to enter a *nunc pro tunc* order." *Chaney v. State Compensation Commissioner,* 127 W. Va. 521, syl. 1, 33 S. E. 2d 284.

For the reasons stated herein, the order of the Workmen's Compensation Appeal Board dated May 20, 1960, is reversed, and this proceeding is remanded with direction that the order of the State Compensation Commissioner of January 15, 1960, be reinstated.

*Reversed and remanded*
*with direction.*