DOROTHEA ASHWORTH, WIDOW, ETC.

*v.*

WORKMEN'S COMPENSATION COMMISSIONER, AND HUNTINGTON ALLOY PRODUCTS DIVISION, THE INTERNATIONAL NICKEL CO., INC.

(No. 12558)

Submitted April 19, 1966.            Decided May 24, 1966.

538

*Harry Scherr, Jr.,* for appellant.

*Barrett & Chafin, James F. Barrett,* for appellee.

BROWNING, JUDGE:

W. B. Ashworth, an employee of the International Nickel Co., Inc., hereinafter referred to as "employer", sustained an injury to his back while at work on June 7, 1957, which was diagnosed as "recurrent strain, lumbosacral joint". The claim was determined compensable on July 9, 1957, however, inasmuch as Ashworth lost no time from work in excess of one week, no payments of compensation were made on a temporary disability basis. On September 20, 1959, Ashworth was admitted to St. Mary's Hospital in Huntington, suffering from "terrific muscle spasms" resulting from an attempt to hold a pile of falling metal. Upon inquiry by the commissioner as to whether this condition should be treated as a new injury, Ashworth's attending physician advised ". . . we feel very definitely that this is a continuation of his previous injury". The claim was there-

after treated as originating on June 7, 1957, and medical bills and compensation benefits on a temporary disability basis were paid thereunder.

On March 15, 1962, Ashworth was awarded a 50% permanent partial disability, equal to an amount of $6,000.00 which, less temporary benefits theretofore paid, left a balance due of $5,421.43, $3,248.57 of which had accrued to March 15, 1962. This award was protested by the employer, and the check for $3,248.57 returned to the commissioner, but, prior to any further action, Ashworth died on March 29, 1962, from causes unrelated to his injury, survived by his widow and two children. After hearings pursuant to the employer's protest to the amount of the award, the commissioner affirmed his previous order, which ruling, on appeal, was affirmed by the workmen's compensation appeal board but the claim was remanded to the commissioner for the purpose of determining whether there was anyone entitled to the unpaid balance of the award.

The commissioner, on October 7, 1964, entered an order directing that such unpaid balance "be paid to Gary Martin Ashworth and Robert Allen Ashworth, sons of the decedent, in like manner and in like amount as it would have been paid to the decedent had he lived. . . ." The employer protested this order and the claim was set for hearing. At the hearing, the birth certificates of the sons were introduced showing that Gary Martin Ashworth and Robert Allen Ashworth were born on October 24, 1941, and March 26, 1943, respectively. Gary Ashworth testified that he last lived with his father in June, 1959, at which time he entered military service although he stayed with him on week ends and when on leave; he was supported by his father from June 7, 1957, until June, 1959, and received some financial help from him thereafter; his mother and father separated in June, 1960, his mother removing her residence to Miami, Florida; and, he married in December, 1961, while in service. Robert Ashworth stated that he lived with and was supported by his father until the summer of 1960, when he went to Florida with his mother and thereafter received no support from his father. It was stipulated that a separa-

tion agreement between Ashworth and his wife, dated January 25, 1962, "contemplated no provision as to the support of or custody" of the two sons.

The commissioner thereafter affirmed his order of October 1, 1964, and the employer appealed. The appeal board affirmed the commissioner in holding that the two sons were the proper persons to receive anything due under the award but reversed the commissioner in holding that they were entitled to receive the entire unpaid balance and directed payment be made only from the injury date, June 7, 1957, up to the eighteenth birthday of each, less the amount previously paid, from which order, on application of the employer, this Court granted an appeal on March 7, 1966. Errors assigned in this Court are, in substance, the appeal board and the commissioner's determination that Ashworth had any dependents at the time of his death within the meaning of the compensation act; and the fixing of the date of June 7, 1957, as the date of injury.

Code, 23-4-6, subsections (e) and (i), as amended, provide: "(e) Should a claimant to whom has been made a permanent partial award of from one per cent to eighty-four per cent, both inclusive, die from sickness or non-compensable injury, the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter, if any; such payment to be made in the same installments that would have been paid to claimant, if living: Provided that no payment shall be made to any widow of such claimant after her remarriage, and that this liability shall not accrue to the estate of such claimant. . . ."

"(i) Where an injury results in temporary total disability for which compensation is awarded . . . and such injury is later determined permanent partial disability . . . the amount of compensation so paid [temporary] shall be considered as payment of the [permanent] compensation. . . . Compensation, either total temporary or permanent partial, under this section shall be payable only to the injured employee and the right thereto shall not vest in his or her estate, except that any unpaid compensation which would

have been paid or payable to the employee up to the time of his death, if he had lived, shall be paid to the dependents of such injured employee if there be such dependents at the time of death."

Code, 23-4-10, as amended, relating to cases in which the compensable injury results in death within six years and disability continued from the date of injury to death defines "dependent" in subsection (f) thereof as follows: "(f) Dependent, as used in this chapter shall mean a widow, . . . child under eighteen years of age . . . who, at the time of the injury causing death, is dependent in whole or in part for his or her support upon the earnings of the employee;" Code, 23-4-13, as amended, provides: "notwithstanding anything herein contained, no sum shall be paid to a widow . . . who shall have abandoned the employee before the injury causing death. . . ."

Code, 23-4-6, subsection (e), was inserted as a part of the workmen's compensation law of this state by Chapter 104, Acts of the Legislature, Regular Session, 1937, and while it may or must be referred to as an amendment, what it actually did was implement Code, 23-4-6 (i), as amended, which had been enacted by Chapter 131, Section 29, Acts of the Legislature, Regular Session, 1919. Prior to the 1919 amendment, the right of an injured employee to workmen's compensation benefits, temporary total or permanent partial, perished with him upon his death and no person, dependent or otherwise, was entitled to any part of it, even the amount which had accrued subsequent to his last bimonthly payment. The 1919 amendment liberalized the previous rule by providing that upon the death of an injured employee drawing benefits from the fund, either total temporary or permanent partial, the right to "such compensation as may have accrued to the date of his or her death" should vest in the estate. Chapter 58, Acts of the Legislature, Regular Session, 1923, changed the language of this section, substantially to its present form, by proscribing the vesting of any accrued compensation benefits in the estate but providing that such should be payable to the deceased em-

ployee's dependents, "if there be such dependents at the time of death."

It will be noted that subsection (i) makes no distinction as to whether the death of the employee is due to a subsequent compensable injury, to a non-compensable injury or other causes, but limits the payment of compensation, accrued to the time of death, in all cases to dependents at the time of death. In *Hogsten* v. *Compensation Commissioner*, 124 W. Va. 153, 19 S. E. 2d 439, the Court in an excellent discussion of subsection (i) and its subsequent implementation by subsection (e) stated:

". . . Its [i] application is universal, and under it, in all cases, surviving dependents have collected the compensation accrued but unpaid at the claimant's death. But under it, also, all compensation not 'accrued' at the time of the workman's death became uncollectible by any person whatsoever. *Lester* v. *Compensation Commissioner*, 123 W. Va. 516, 16 S. E. 2d 920; *McDaniel* v. *Compensation Commissioner*, 121 W. Va. 60, 200 S. E. 47; *Wood Coal Co.* v. *Compensation Commissioner*, 119 W. Va. 581, 195 S. E. 528. No inequity in this rule is apparent where the workman's death was itself caused by a subsequent compensable injury. In such case a larger compensation began at the moment the former award for partial disability terminated. There was in such case no loss, but rather an increase in benefits, by reason of the workman's death; nor was there any duplication of compensation, for the partial award terminated when the death award began. And there was no hiatus between the two awards.

"But if the workman's death was from a noncompensable cause a very palpable injustice resulted under the practical workings of this statutory rule. The old award ceased at the time of his death and no new award was possible. The compensation to which he was entitled by reason of the first injury, if only partly paid or not paid at all, was cancelled as of the date of his death. The manifest unfairness of this phase of the statute was cured by paragraph (e), above quoted, and which originated in an amendment contained in section 6-e of article 4 of chapter 104 of the Acts of 1937. . . . This act

is in no sense a repeal of the old provision still preserved in paragraph (i) of section 6. It took away no rights provided in that section, but simply created certain additional rights to dependents where the claimant's subsequent death results from a non-compensable cause." Accord, *Richmond* v. *Compensation Commissioner,* 136 W. Va. 234, 67 S. E. 2d 39.

Code, 23-4-10, as amended, heretofore quoted, defining "dependent" as an enumerated person who "at the time of the injury causing death" is dependent upon the employee, relates to claims by such enumerated persons for compensation by reason of the death of the employee as a result of a compensable injury, referred to in the above quoted discussion as "an increase of benefits, by reason of the workman's death". Such claims, under section 10, are separate and distinct from an injured employee's claim for disability benefits under section 6. *Terry* v. *Compensation Commissioner,* 147 W. Va. 529, 129 S.E. 2d 529; *Peak* v. *Compensation Commissioner,* 141 W. Va. 453, 91 S. E. 2d 625; *Gibson* v. *Compensation Commissioner,* 127 W. Va. 97, 31 S. E. 2d 555. Subsection (i) of section 6, governing the disbursement of compensation accrued but unpaid to the employee by virtue of an award made to him in his lifetime has, since 1923, limited the persons entitled to receive such accrued compensation to "dependents at the time of death". Subsection (e), designed to correct the manifest injustice existing under subsection (i) where the employee's death results from a cause other than a compensable injury, and regulating the disposition of an unpaid balance of an employee's disability claim, is therefore controlled by subsection (i) as to the persons to whom such disposition may be made, that is, those persons dependent upon such employee at the time of his death. It therefore follows that, under the evidence, neither Ashworth's wife nor his two sons being dependent upon him at the time of his death, there is no one entitled to receive the unpaid balance of the award made to him in his lifetime, and the orders of the appeal board and of the commissioner, to the extent that they hold otherwise, are erroneous. In view of this decision

we do not reach the question of the date of injury and the amount of compensation accrued to the date of Ashworth's death.

The orders of the commissioner and the workmen's compensation appeal board, to the extent inconsistent herewith, are reversed and this decision is certified to the board and to the commissioner as provided by law.

*Reversed.*