OLA C. BALES, WIDOW, *etc.*

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER, *and* UNITED STATES STEEL CORPORATION

(No. 12893)

Submitted May 19, 1970.          Decided June 16, 1970.

*Patrick J. Flanagan,* for appellant.

*Campbell, Love, Woodroe & Kizer, George W. S. Grove, Jr.,* for appellees.

BROWNING, PRESIDENT:

Crockett Bales, hereinafter sometimes referred to as claimant or deceased, sustained a chest and back injury on March 11, 1937. Upon recovery he was granted a twenty-five per cent permanent partial disability award. Upon the expiration of this award he was awarded thirty-five per cent and upon the expiration of that award, he was granted a fifty per cent permanent partial disability award. On February 4, 1941, claimant was awarded a sixty per cent permanent partial disability award which expired on October 16, 1941. At this time claimant who was then living near Staunton, Virginia, reapplied, supporting the reapplication by letter and report from a Doctor Weatherby. The letter and report stated that claimant had done no work since the accident and expressed the opinion that the claimant was totally and permanently disabled. The claim was reopened and claimant was examined by Drs. Wilson and Bracey, both of whom reported that the former sixty per cent award was ample compensation. The Commissioner so found on November 20, 1942. Claimant protested, and the Commissioner reversed his findings on May 24, 1943, and granted a total permanent disability award. This was paid until 1949 at which time it was discovered that claimant had in fact been working in Baltimore, Maryland, since June 12, 1947. Incidentally, this work was "the heaviest of manual labor," according to appellee's interpretation of contested depositions in the case.

On August 27, 1949, the employer sought a modification of the life award under the provisions of Code, 23-5-1(c), as amended, and the claim was apparently reopened on

September 6, 1949. On October 6, 1949, the Commissioner affirmed the prior life award, making the order protestable rather than appealable. The employer protested, and on February 24, 1950, the Commissioner set aside the order and referred claimant for examination to determine the degree of permanent disability. The claimant appealed, and the Workmen's Compensation Appeal Board affirmed the Commissioner's ruling. On September 7, 1950, the Commissioner found claimant sixty per cent disabled. Claimant protested, and on February 13, 1952, the Commissioner affirmed the sixty per cent award. This order was also affirmed by the Appeal Board, and claimant appealed to this Court, which, by order entered December 22, 1952, Order Book 60, Page 100, held that the Commissioner's order of October 6, 1949, was appealable rather than protestable and thus all proceedings thereafter were void. In affirming the order of October 6, 1949, this Court held that its ruling was without prejudice to the employer to file a new application for modification of the former award. The employer did so on February 2, 1953. On February 6, 1953, the Commissioner entered an order, notice of which was dated February 13, 1953, to conform with this Court's order. However, the Commissioner also issued a pay order directing the employer, a self-insurer, to pay benefits which had accrued under the life award of May 24, 1943, from the date of their suspension to March 31, 1953. By letter dated February 14, 1953, the employer served notice upon the Commissioner of its intent to appeal. By letter dated March 14, 1953, the secretary advised counsel for the employer that the Commissioner's order was entered in accordance with this Court's order and was not appealable. On February 7, 1953, the Commissioner entered another order, notice of which was transmitted by letter dated February 14, 1953, closing the claim. No objection was made to this order by either party but by letter dated March 14, 1953, a notice was given to both parties that the Commissioner apparently on his own motion had entered still another order. This order referred claimant for further examination, stating that it was "the opinion of the Commissioner that the employer's application for modification [disclosed] cause for further adjustment" of the May 24, 1943 order. On April 10,

1953, the employer filed an appeal but the Commissioner declined to transmit the case to the Appeal Board. Thereafter, in the case of *United States Steel Corp. v. State Compensation Commissioner,* 138 W.Va. 506, 76 S.E.2d 474, the employer sought a writ of prohibition against the Commissioner to prohibit him from requiring the payment of the aforementioned accrued benefits on the ground that the delay in granting the modification resulted from a mistake in the Commissioner's office over which the employer had no control. This Court sustained the Commissioner's demurrer on the ground that a writ of prohibition would not lie to control the Commissioner's administrative functions.

On August 10, 1953, the Commissioner entered another order directing the employer to pay the accrued benefits and, by letter of the same date, warned the employer that if such payments were not promptly made, it would be suspended from the Workmen's Compensation Fund. The employer then brought action in the Circuit Court of Kanawha County to enjoin the Commissioner from suspending it from the Fund. While this action was pending the Commissioner agreed to allow the employer's appeal from his February 6, 1953 order. On December 15, 1953, the Appeal Board reversed the Commissioner's order and remanded the case. The claimant petitioned this Court for an appeal from this ruling which was denied on February 22, 1954, Order Book 60, Page 459. The Commissioner again directed claimant to report for examination. On September 20, 1954, the doctors reported that the claimant had been fully compensated for disability arising out of his injuries by the sixty per cent award. On October 19, 1954, the Commissioner set aside the life award and once again granted the sixty per cent award but refused further payments since the claimant had been paid therefor. This order was protested by the claimant and hearings were held. No action was taken thereafter, and for fourteen years the case remained dormant. On January 8, 1969, claimant's counsel made the following handwritten request to the Commissioner:

> I am advised that the above named claimant, Crockett Bales, has been in the hospital and critically ill.

It has been some time since the last hearing was held in Bluefield and we would like to have another order entered.

It is respectfully submitted that the medical evidence taken at the Bluefield hearing from Dr. Hosmer failed to show that he was any better from a physical standpoint than he was when the first life award order was entered.

Neither the employer nor counsel was notified of this request, furnished with a copy thereof or given an opportunity to oppose the requested action. On January 10, 1969, Commissioner entered an order which reinstated the ruling of September 9, 1943. The employer received a copy of this order twenty-five days later. On January 25, 1969, Crockett Bales died in Staunton, Virginia, at the age of 68 from arteriosclerotic heart disease. By letter of February 7, 1969, the employer made a formal motion to the Commissioner to set aside the January 10, 1969 order. On February 25, 1969, the Commissioner entered an order setting aside the order of January 10, 1969, and reinstating the ruling of October 19, 1954, finding the claimant to be sixty per cent disabled. Claimant's widow appealed to the Appeal Board, and, by order entered September 10, 1969, the Commissioner's order was affirmed. It is from this order that claimant's widow now appeals.

After an incredible twenty-seven years of litigation and upon its third hearing before this Court, this case has finally come to an end. There is no contention in this case that the deceased died as a result of his injury of 1937 and no claim has been filed by the widow for benefits as such. She seeks in this proceeding the compensation that is alleged to have accrued as a result of an award of total permanent disability granted to her deceased husband on May 24, 1943.

This is the only syllabus point of *Ashworth v. Workmen's Compensation Commissioner*, 150 W.Va. 537, 148 S.E.2d 364:

Under Code, 23-4-6(e), as amended, where an employee to whom a permanent partial compensation award of from one per cent to eighty-four per

cent has been made dies from sickness or non-compensable injury, the persons entitled to receive the unpaid balance of such award, if any, are limited to those persons dependent on such employee at the time of his death.

Code, 23-4-6(e), as amended, provided in part:

Should a claimant to whom has been made a permanent partial award of from one per cent to eighty-four per cent, both inclusive, die from sickness or noncompensable injury, the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter. . . .

This same subdivision is now Code, 23-4-6(f), as amended, and reads, in part, as follows:

Should a claimant to whom has been made a *permanent partial* award of from one percent to eighty-four percent, both inclusive, die from sickness or noncompensable injury, the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter, if any; such payment to be made in the same installments that would have been paid to claimant if living: Provided, however, that . . . this liability shall not accrue to the estate of such claimant. . . . (Emphasis added.)

Subdivision (j) of that same section reads, in part, as follows:

\* \* \* Compensation, either *total temporary* or *permanent partial,* under this section shall be payable only to the injured employee and the right thereto shall not vest in his or her estate, except that any unpaid compensation which would have been paid or payable to the employee up to the time of his death, if he had lived, shall be paid to the dependents of such injured employee if there be such dependents at the time of death. (Emphasis added.)

It will be observed that these subdivisions do not include accrued payments under a *total permanent* disability award made to a deceased claimant under which his dependents

seek to recover. However, we do not consider it necessary to pass upon that question believing that the case turns upon a jurisdictional question.

The sixty per cent permanent partial disability award which was granted to the deceased expired on October 16, 1941, and he was not thereafter paid further compensation of any kind. As heretofore stated, after this Court's decision by order of December 22, 1952, the Commissioner entered a pay order directing the employer to pay benefits which allegedly had accrued under the life award of May 24, 1943, from the date of the suspension of such payments to March 31, 1953. The employer attempted to appeal from that order and was informed that the order was not appealable. However, the Commissioner had on February 7, 1953, entered another order, notice of which was given to all parties, closing the claim. No objection or notice of appeal was made or given by either of the parties to the proceeding. However, more than thirty days thereafter, on March 14, 1953, without any further motions, evidence, exhibits or letters having been filed by either party in the case, the Commissioner, apparently on his own motion, reopened the case and referred the claimant for further examination.

This is the first syllabus point of *Partlow v. Workmen's Compensation Commissioner*, 150 W.Va. 416, 146 S.E.2d 833:

> The state compensation commissioner has no power or jurisdiction to vacate, set aside or modify a final order made by him, except in instances in which it appears that he lacked jurisdiction to enter such order or that it was made or procured through fraud or mistake.

Furthermore, it was held in the recent case of *Dickerson v. Workmen's Compensation Commissioner*, 154 W.Va. 7, 173 S.E.2d 388, that "a mistake" which would justify setting aside "by the Workmen's Compensation Commissioner of a final order must be something other than an erroneous decision." There is nothing in this record to indicate that the order of February 7, 1953, closing the claim, was procured through fraud or mistake, or that the Commissioner lacked

jurisdiction to enter it. The record is silent as to why a period of fourteen years had elapsed after hearings were held pursuant to the deceased's protest to the October 19, 1954 order setting aside the life award and finding that the deceased had been fully compensated by the sixty per cent permanent partial disability award for which he had been paid. Apparently, the Commissioner's order of January 10, 1969, which reinstated the ruling of September 9, 1943, was an attempt to pass upon the hearings which were held after the October 19, 1954 order which was protested by the claimant. If the Commissioner had not lost "jurisdiction" to enter such an order, his order of February 25, 1969, setting aside his order of January 10, 1969, upon motion of counsel for the employer, would have been invalid for the reason stated in the *Dickerson* case and in the other decisions of this Court cited therein. However, we are of the view that he lacked jurisdiction to enter the January 10, 1969 order.

It is the decision of this Court that thirty days after the entry of the February 7, 1953 order by the Commissioner, closing this claim without protest or request for an appeal therefrom, the Commissioner lost jurisdiction to further consider this case in any manner. All actions thereafter taken by the Commissioner were void and for that reason the order of the Workmen's Compensation Appeal Board of September 10, 1969, affirming the Commissioner's order of January 10, 1969, is affirmed.

This decision will be certified to the Workmen's Compensation Appeal Board and the Workmen's Compensation Commissioner.

*Affirmed.*