# CHARLESTON.

FRANK CONOVAS *v.* LEE OTT, *State Compensation Commissioner*

(No. 6687)

Submitted January 8, 1930. Decided January 14, 1930.

*England & Ritchie,* for appellant.

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Chas. D. Smith,* for respondents.

MAXWELL, JUDGE:

Frank Conovas prosecutes this appeal to a finding of the State Compensation Commissioner denying him further compensation because of an injury received in the course of his employment.

On the 16th of February, 1929, petitioner was injured while in the employ of the West Virginia Coal & Coke Company

in a mine at Omar, this state. He was awarded compensation on a basis of thirty per centum disability. After the expiration of one hundred and twenty weeks which covered the period during which he was paid compensation under said award, he filed before the State Compensation Commissioner a claim for further compensation on the ground of permanent total disability. This claim was disallowed by order of the Commissioner August 5, 1929. Thereafter the claimant sought to have the case re-opened and reconsidered. Supplemental testimony was offered. On November 20, 1929, the Commissioner refused further compensation and closed the case. This appeal was awarded soon thereafter.

A serious question arises at the outset. The statute allows appeals to this Court from findings of the State Compensation Commissioner only as to matters which go to the basis of a claimant's or employer's right with reference to the former's claim for compensation. Acts 1929, Chapter 71, section 43. Whether an adverse finding on a supplemental claim of total permanent disability, after a percentage rating had been made to the claimant, goes to the basis of the claimant's right within the meaning of the statute, need not here be decided, because, even conceding for purposes of discussion that such an order is appealable, there remains as an effective barrier to petitioner's claim the adverse finding of the Commissioner based on an issue of fact, which finding, being well founded in evidence, we cannot disturb.

The said section of the recent statute above cited provides that a finding of the Commissioner shall be final unless the employer, employee, or dependent, shall within ten days after receiving from the Commissioner notice of his finding object thereto, whereupon the Commissioner shall set a time for a further hearing and shall give notice thereof to the parties in interest. The statute then provides: "After said hearing the action of the Commissioner affirming, reserving or modifying his former action shall be final; provided, however, that the claimant or the employer may, within ninety days after notice of the final action of the Commissioner, apply to the Supreme Court of Appeals for a review of the record and such decision." It is to be noted that there is no appeal

from the first finding. Only the subsequent finding is appealable, and it must have been made not only after objection to the first finding, but after notice by the Commissioner to the parties in interest of the time of the second hearing. This statute was under consideration in the case of *State ex rel. Meeks* v. *State Compensation Commissioner*, 108 W. Va. ...., 150 S. E. 230, wherein it is stated: "It will be noted that the changes contemplated in this amendment are procedural. They merely provided for a further development of the case by the Commissioner before appeal to this Court." The wisdom of the amendment is apparent. The new procedure is intended to afford opportunity for the question involved to be re-tested, and, if necessary, under further evidence. before appellate procedure may be undertaken. Assuming that there was proper compliance with these procedural requirements of the statute, (because, as already stated, the case is not for the claimant on the merits and must in any event be resolved against him), we proceed now with a brief discussion of the facts as disclosed by the record.

Claimant was injured by his clothing catching in a rotating drill. He was thrown about and was seriously bruised on his back and hips. As already noted, compensation was awarded him on a basis of partial disability. His present claim of permanent total disability is predicated on the fact of a permanently stiff spine. The doctors say he has six lumbar vertebrae whereas the normal individual has five. He seems to have a definite ankylosis between the fifth and sixth lumbar vertebrae. He has been examined at various times by about ten different physicians. They do not entirely agree except as to the ankylosed condition and that he is probably totally disabled as far as his former occupation of coal miner is concerned. He seems to walk in a stiff manner. Some of the witnesses say he walks with a waddling gait. But there is substantial evidence that he had, in partial degree at least, this peculiar gait even before his injury, and that he now probably exaggerates it purposely. With one exception the physicians say there has been no fracture of any of the lumbar vertebrae; no one says there was dislocation of the vertebrae. The important query which necessarily arises under

the evidence is whether the ankylosed condition of the vertebrae arises from the injury received by the claimant or whether it is a result of disease. The statements of most of the physicians go no further than as to the condition of the patient at the time they examined him. The majority note the stiffness of the patient's spine and his resultant permanent disability, but do not undertake to account for the presence of the ankylosis between the fifth and sixth vertebrae which causes the stiffness, except that in the light of the fact that the claimant was injured February 16, 1927, it seems to be assumed that the ankylosis was due to the injury. However, two of the physicians go further and say that in their opinion the ankylosed condition is not due to the injury, but is due to arthritis. One of these two physicians, Dr. W. A. Simpson, a medical examiner of the Compensation department, says: "There is evidence of chronic arthritic process on both sacro-iliac joints, which is not due to injury, and there is resulting ankylosis." Dr. Russel Kessel, another physician on the Commissioner's staff, says: "There is a chronic arthritic process on both sacro-iliac joints, which is not apparently due to the injury, and there is resulting ankylosis." In view of the statements of these two physicians and of the overwhelming evidence that there was no fracture or dislocation of the spine, and of the further substantial evidence that the claimant's waddling gait was an old habit now probably missioner was wrong in disallowing the petitioner an award for permanent total disability on the ground of injury received in the course of his employment? If the finding is plainly wrong, we should reverse it, otherwise not.

While under our statute the findings of the Commissioner are not conclusive of the fact found, they should be treated substantially as the findings of a judge or a jury and should not be set aside, if supported by substantial evidence, and are not against a plain preponderance of the whole evidence. *Poccardi* v. *Compensation Commissioner,* 79 W. Va. 684; *Caldwell* v. *Compensation Commissioner,* 106 W. Va. 14; *Postlethwait* v. *Compensation Commissioner,* 106 W. Va. 57; *Lacy* v. *Compensation Commissioner,* 106 W. Va. 555; *Heaton*

v. *Compensation Commissioner,* 106 W. Va. 563; *Kincannon* v. *Compensation Commissioner,* and *Proffitt* v. *Compensation Commissioner,* decided contemporaneously herewith. Being of opinion that the Commissioner's finding is supported by substantial evidence and is not at variance with the whole evidence, we affirm the said finding.

*Affirmed.*