C. W. HODGES *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9009)

Submitted January 10, 1940.   Decided January 23, 1940.

*Hillis Townsend,* for appellant.
*Mahan, Bacon & White,* for appellee New River Co.

KENNA, JUDGE:

This claim for workmen's compensation is based upon an incapacity due to silicon dioxide poisoning contracted

by the claimant, it is alleged, while working for the named employer. On May 12, 1939, the Compensation Commissioner entered an order finding that the claimant was within one year prior to the filing of his claim employed by the named employer, that the employment was subject to the provisions of chapter 23, article 6 of the Code, that the claimant had not wilfully exposed himself to the hazard of silicon dioxide dust and that the non-medical questions referred to had been sufficiently developed. It was accordingly ordered that the claim be, after thirty days (the period within which an appeal after notice must be applied for under Code, 23-5-3), or sooner by agreement, referred to the Silicosis Medical Board for the medical findings listed under Code, 23-6-14. From this order the employer attempted to appeal, and the Compensation Appeal Board entered an order in terms reversing the Commissioner's findings and dismissing the proceeding upon the theory that the statutory provisions governing the procurement of compensation due to silicosis require the claimant to establish under the provisions of Code, 23-6-5, that he was exposed to silicon dioxide dust in harmful quantities over a period of not less than two years in the same employment, construing the language of that section to mean a two-year exposure while employed by the same employer.

It will be observed that the Commissioner's findings neither awarded compensation nor declined an award and therefore that the first question to be passed upon is whether the order entered by the Compensation Commissioner on May the twelfth is an appealable order. Article six, which governs compensation for silicosis, contains no special provision relating to appeals from the Commissioner's findings, so that they are governed by the general provisions found in article five. Code, 23-5-3, provides for appeals by persons who feel aggrieved "at any final action of the Commissioner taken after a hearing * * *."

We are of the opinion that where, as here, the Commissioner proceeds to consider only the non-medical

questions specifically required by Code, 23-6-11, and resolves them in favor of the claimant prior to any further finding, his conclusions cannot be regarded as more than preliminary, and that they are not final in the sense required by Code, 23-5-3. The general provisions of Code, 23-6-11, are inclusive of more far-reaching findings than those for which it definitely provides. Its first paragraph, followed by six sub-sections, reads as follows: "On the hearing of a claim for compensation for silicosis, the commissioner shall hear, determine and file findings covering, *but not limited thereto,* the following non-medical questions:" (italics supplied). The sections which follow create the Silicosis Medical Board and provide the subject matter and method of its findings in cases that shall be referred to it by the Commissioner. As we construe these sections, read in *pari materia,* the Commissioner, upon final hearing, being bound by the findings of the medical board, if not objected to within ten days, shall, with that report before him, consider the whole case and enter an order showing the determination thereof inclusive of the determinations required by section eleven. Of course, it follows that should the Commissioner decline to refer a claim to the Silicosis Medical Board and to proceed further, his order would constitute a final action and would be appealable. However, if the Commissioner should, as here, determine his statutory non-medical findings in favor of the applicant, thus indicating his purpose to refer the medical inquiry to the medical board and act upon its report, we are of the opinion that his order referring the case to the medical board lacks the finality indispensable to render it an appealable order.

The order of the Commissioner not being appealable, it necessarily follows that the Compensation Appeal Board's order should be set aside and the case remanded to the Compensation Commissioner for further proceedings. This Court does not pass upon the other legal questions raised in this proceeding.

*Reversed and remanded.*