CHARLES W. HODGES *v.* WORKMEN'S COMPENSATION COMMISSIONER *et al.*

(No. 9240)

Submitted September 23, 1941. Decided October 14, 1941.

*James G. Jeter, Jr.,* for appellant.
*Mahan, Bacon & White,* for appellees.

KENNA, PRESIDENT:

The Compensation Commissioner awarded compensation upon the claim of Charles W. Hodges filed in his office December 23, 1937, and accompanied at that time by the written report of claimant's attending physician stating that claimant was suffering from silicosis in the second stage. The Compensation Appeal Board at the instance of the employer, The New River Company, on June 21, 1941, entered an order reversing the finding of the Compensation Commissioner because, in their opinion, claimant had not been employed by The New River Company for a period of not less than two years in this state during which he had been exposed to silicon dioxide dust, and from that order of the Appeal Board, this appeal

was granted upon the application of the claimant. The employer now assigns as error in the Appeal Board's order the fact that its finding should have been based upon the application of the claimant not having been filed within the time nor in the manner required by Code, 23-6-9, and that no knowledge or notice was given to the employer within the time prescribed by the section that follows.

This proceeding was before this Court upon an order of the Compensation Appeal Board based upon the non-medical findings of the Compensation Commissioner, and we concluded in an opinion prepared during the January Term, 1940, that the non-medical findings of the Compensation Commissioner do not constitute a final action within the meaning of Code, 23-5-3, and for that reason, are not appealable. The order of the Appeal Board was therefore reversed, and the proceeding remanded to the Commissioner for further proceedings, confining our holding to that question. *Hodges* v. *State Compensation Commissioner*, 122 W. Va. 10, 7 S. E. 2d 24.

Dealing first with the procedural question cross-assigned by the employer as constituting the basis upon which the Appeal Board should have reversed the order of the Commissioner awarding compensation, we are of the opinion, based upon the showing in this record, that the manner in which this claim was presented constitutes substantial compliance with the requirements of the article dealing primarily with silicosis.

The special forms prepared by the Commissioner to be used in silicosis cases having been used and lodged in the Commissioner's office within one year from the last injurious exposure, the contention of the employer seems to be based upon the fact that the application and doctor's certificate filed December 23, 1937, did not clearly state that compensation was claimed for an incapacity due to silicosis. Each form as filed contained questions and answers germane to no other class of compensation claims. True, the doctor's certificate does state that the diagnosis of the affliction from which claimant was suffering is "pneumoconiosis" which is a generic term in-

cluding silicosis and probably does not with sufficient accuracy describe that ailment. However, the two questions which immediately follow inform the Commissioner that the employee is suffering from silicosis in the second stage, and that he had been so suffering between six and eight weeks. In addition, a perusal of this record, we think, justifies the conclusion that many of the medical profession use the word "pneumoconiosis" and "silicosis" as synonyms. Possibly, the Commissioner was right in returning the application for a more specific answer to the first question, but if so, we think that he was plainly right, as was the Compensation Appeal Board, in treating the application made by the employee, as well as the information given the company, as sufficiently accurate to constitute a substantial compliance.

We believe that the other cross-assignment based upon the claim not having been made within one year from the date the employee was subjected to injurious exposure to silicon dioxide as required by section ten of the act is also not well taken. Although, as a rock driller, claimant admittedly was exposed to air containing a larger percentage of the injurious substance, we think this record clearly shows that also as a coal loader he was exposed to a sufficient quantity to be injurious, if not the primary factor giving rise to his condition. In other words, we do not believe his last injurious exposure to silicon dioxide occurred when he ceased working as a rock driller within three or four months of the beginning of his employment by The New River Company, but believe it occurred September 16, 1937, when his regular employment as a coal loader for that company ceased.

The remaining and principal question, being that upon which the Appeal Board based its finding reversing the Compensation Commissioner's award, is whether the claimant at the time he became disabled had been exposed to silicon dioxide dust in harmful quantity over a period of not less than two years in the same employment in this state as required by Code, 23-6-5, the Commissioner evidently having construed that provision of the section cited as meaning exposed in the same kind of occu-

pation or manner, and the Appeal Board differing with his construction and construing the words "in the same employment" as meaning by the same employer. For the purposes of this case, it is admitted that for some little time before being employed by The New River Company, claimant was engaged in this state in the same sort of work with other West Virginia coal companies as his employers, so that the necessary finding narrows down to the question of whether identical work performed for different employers falls within the phrase "same employment."

Neither the brief filed on behalf of the employer nor that filed on behalf of the claimant nor our own investigation discloses any guiding precedents that are helpful in determining this question of first impression. Therefore, we shall be obliged, in so far as we can, to determine the legislative purpose in the enactment of Article 6, Chapter 23, and to construe the provisions here involved to conform exactly to what we believe that purpose to have been. Unfortunately, the language of the act itself in sundry ways leaves that open to doubt.

It would seem comparatively clear that the expression "in the same employment" was not intended to mean employed by the same person, for, in that case, any sort of reorganization or transfer of title by the employer might destroy the employee's right to compensation for silicosis, even though he suffered exposure in the same room in the same plant or mine for more than two years. Neither could it relate to situs, or place, where work was done, because it is well known that in the development of a coal mine, particularly, the place of the employment, necessarily is continually changing.

The employer takes the position that, because section five contains a provision that silicosis shall, subject to the two-year proviso, be compensable if in one year previous to contracting it, the employee has been employed "in an *occupation* or *process*" (italics supplied) due to which the silicosis developed and the claim is made within one year of the last exposure, the phrase "in the same employment" used in the same section should not be con-

strued to mean "occupation," due to the fact that the legislature by using the word "occupation" recognizes its meaning to be different from that of "employment." Counsel for claimant counters by stating that it would also have been quite easy for the legislature, if they had meant to require employment by the same employer, to have so stated, and, furthermore, that if employment by the same employer of not less than two years were one of the essential elements to validate a claim for silicosis compensation, the legislature would have treated it similarly to a jurisdictional fact, and would have required the Commissioner as one of his non-medical findings to so find before incurring the expense of referring the case to the Medical Board.

Silicosis is admittedly an occupational disease, or a disease which is usually contracted under circumstances concerning which the employer should be fully and accurately informed, and the employee's knowledge, save in so far as it rests upon the notices of the fact that the employer has elected to pay premiums into the silicosis fund, required to be posted by the act itself, would afford the basis for very little self-protection until the result of its absence developed to an acute stage. An industrial disease arises from a lasting exposure due to physical surroundings; not from the length of time spent with the same employer. However, the assessment rating of the employer is subject to being affected and the statute apparently subjects the last employer to that responsibility. Under the rule laid down in *Jones* v. *Rinehart & Dennis Co.*, 113 W. Va. 414, 168 S. E. 482, the employer is not relieved of common law liability for an uncompensable injury and since the last employer to negligently contribute to the injury is liable at common law, and since the statute relieves the last employer of that liability in silicosis cases by making the disease compensable, it follows that the last employer in having his rating affected by a compensable silicosis case is not being subjected to a greater burden than that which he would carry under his common law responsibility.

There is no question in this case but that the applicant,

prior to October 7, 1935, and subsequent to that date, had been exposed to silicon dioxide in West Virginia for more than two years. He had done so while engaged in a similar, if not identical, work. In other words, he had contracted an occupational disease while continuously exposed to the same hazard in West Virginia for a period of two years, during which time his employer had been different corporations. We are of the opinion that those circumstances are sufficient to render silicosis compensable. The interpretation of the statute contended for by the company would place the compensability of silicosis more directly within the control of the employer. If necessary for the employment to continue for two years by the same employer, discharging the employee before the lapse of two years would defeat compensation and fully protect the employer's rating. Even when the statute is construed as meaning work of the same nature, the fact that an award of compensation at present will affect the employer at the time the claim is made and no other, cannot be avoided. Employers may be prompted to carefully avoid the employment of persons who have been exposed to silicon dioxide, and also to discharge persons who had been so exposed in the plant of the employer, and nowhere else, before the expiration of the two-year period entitles them to a valid claim for compensation. These questions are matters that affect legislative policy and not questions that should, except to the extent of throwing light on the legislative intention, affect the judicial construction of the statute.

For the foregoing reasons the ruling of the Compensation Appeal Board is reversed, that of the Compensation Commissioner affirmed and the proceeding remanded to the Commissioner for the purpose of effectuating his finding.

*Order of Appeal Board reversed;*
*Order of Compensation Commissioner affirmed.*