MARY RICHMOND, WIDOW, etc.

*v.*

STATE COMPENSATION COMMISSIONER, AND GREENWOOD COAL COMPANY

(No. 10385)

Submitted September 5, 1951. Decided October 23, 1951.

*Townsend & Townsend, Hillis Townsend,* and *R. L. Theibert,* for appellant.

*Mahan, White & Higgins,* for appellee.

GIVEN, JUDGE:

This appeal from an order of the Workmen's Compensation Appeal Board involves the right of the widow of an employee to receive the unpaid balance of an award of twenty-five per cent permanent partial disability, made to the employee by the State Compensation Commissioner, on April 12, 1950. The board reversed the holding of the commissioner, by order entered February 17, 1951, holding that "no award has been made or has become final within the scope and meaning" of Subsection (e), Section 6, Article 4, Chapter 23 of the Code, as amended.

The employee and the employer each filed a timely protest to the initial award made by the commissioner, but before a day was set for the hearing, as required by the statute, the employee died of a noncompensable injury, his death occurring June 30, 1950. On August 24, 1950, the commissioner gave notice that a hearing would be held on September 6, 1950, and on that date the hearing was held at the place fixed by the notice. At the hearing the employer and the widow-claimant introduced certain evidence relating to the degree of disability suffered by the employee by reason of the injury received in the course of employment. No further evidence was then offered as to the compensability of the injury, and no question of the compensability of the injury is now before the Court. The commissioner, on December 7, 1950, entered two orders, the first of which reads: "This claim came on again to be considered this 7th day of December, 1950, upon the entire record, particularly upon the Commissioner's ruling of April 12, 1950, upon protest thereto,

upon hearing duly held, and upon transcript of evidence; upon consideration of all of which, it is hereby ordered and directed that the aforesaid ruling of April 12, 1950, be and the same is hereby affirmed; all of which is accordingly so ordered." The other order reads: "It appearing from the Commissioner's order of April 12, 1950, that the decedent had been awarded a 25% permanent partial disability award, it is hereby ordered and directed that the unpaid balance of such award be paid to the claimant widow; all of which is accordingly so ordered."

The employer contends that no hearing was ever had upon the protest. However, a representative of the widow-claimant, on July 11, 1950, wrote the commissioner:

"It appears that the above claimant was awarded a 25% disability on April 12, 1950. Both employer and claimant filed protest to this award. No hearing has been set on these protests.

"While we realize that your award did not become final, we are wondering whether there is any way the claimant widow can obtain the balance due under the award. We would appreciate hearing from you in regards to the matter."

In reply to this inquiry the commissioner, by letter of July 18, 1950, stated: "* * * we wish to advise that the above claim will be retained on the Fayette County hearing calendar to be set for hearing to determine the proper award and the rights of the widow to receive the balance thereof." A copy of the last mentioned letter was forwarded by the commissioner to each of the interested parties. They were thereby informed that the purpose of the hearing was "to determine the proper award and the rights of the widow * * *". The hearing was held in accordance with the notice and the widow-claimant, as well as the employer, was represented at the hearing.

The only question for decision relates to the contention of the employer that the effect of the protests filed by the employer and employee to the initial order of the com-

missioner nullified or set aside the award, so that no award actually existed, within the meaning of subsection (e), between the date of the filing of the protests and the date of the death of the employee or, as stated in the language of the employer, "No award had been made to claimant's decedent at the time of his death by final order of the Commissioner and, therefore, Code, 23-4-6 (e), relied upon by claimant-widow, is inapplicable." Subsection (e), mentioned above, reads as follows:

"Should a claimant to whom has been made a permanent partial award of from one per cent to eighty-five per cent, both inclusive, die from sickness or noncompensable injury, the unpaid balance of such award shall be paid to claimant's dependents as defined in this chapter, if any; such payment to be in the same installments that would have been paid to claimant if living: Provided, however, that no payment shall be made to any widow of such claimant after her remarriage, and that this liability shall not accrue to the estate of such claimant and shall not be subject to any debts of, or charges against, such estate."

Prior to the amendment of subsection (e) by Chapter 104, 1937 Acts of the Legislature, the dependents of an employee who had been granted a permanent partial award were not entitled to an accrued unpaid balance of an award where death of an employee resulted from a noncompensable injury. *Hogsten* v. *Compensation Commissioner,* 124 W. Va. 153, 19 S. E. 2d 439; *Coal Co.* v. *Compensation Commissioner,* 119 W. Va. 581, 195 S. E. 528. By virtue of the amendment such dependents are entitled to the unpaid balance of a permanent partial award of from one per cent to eighty-five per cent. The amendment contains no requirement that the award be final, but merely that the award "has been made". That the order of the commissioner of April 12, 1950, constituted an award, can not be doubted. Had there been no protest of the award it would have automatically become final after the expiration of the statutory period fixed as the time within which protest thereto could be

filed. The mere suspension of payments under the award during the pendency of the hearing necessitated by the filing of the protest does not nullify the award. See *McDaniel* v. *Compensation Commissioner*, 121 W. Va. 60, 200 S. E. 47.

The employer relies particularly upon the cases of *Lester* v. *Compensation Commissioner*, 123 W. Va. 516, 16 S.E. 2d 920; *Hodges* v. *Compensation Commissioner*, 122 W. Va. 10, 7 S.E. 2d 24; and *Conovas* v. *Compensation Commissioner*, 108 W. Va. 397, 151 S. E. 309. In the *Lester* case the injury for which claim was made occurred before the amendment of 1937 became effective and the Court refused to give the amendment retroactive effect. In the *Hodges* case the compensation commissioner merely made a preliminary finding of fact, and no finding or award as to any degree of disability was made, the Court holding only that such an order was not final within the meaning of Code, 23-5-3, as amended. We think the *Conovas* case has no application to the facts of the instant case, the holding there being that no appeal will lie to the initial finding of the commissioner. Here the question is not whether an appeal will lie, but whether an award has been made.

To hold that no award has been made would deny such an employee any protection under the Workmen's Compensation Act between the date of the filing of the protest to the initial award made by the commissioner and the date of the death of the employee. We think the Legislature could have intended no such result. In so holding, we deny the employer no right in the instant matter. The employer could have, at the hearing held September 6, 1950, elected to contest the claim on any ground which it could have raised had the employee survived, including the compensability of the claim or the amount of the award.

We conclude, therefore, that the order of the commissioner made on the 12th day of April, 1950, amounted to an award within the meaning of subsection (e); that the

filing of the protests did not have the effect of setting aside or nullifying the award; and that the widow-claimant is entitled to the unpaid balance of the award. Therefore, the order of the Workmen's Compensation Appeal Board, made on the 17th day of February, 1951, is set aside and the matter is remanded to the State Compensation Commissioner for further proceedings in accordance with this opinion.

*Reversed and remanded.*