21403

Edna VESPERS, Appellant, v. SPRINGS MILLS, INC., Respondent.
(275 S. E. (2d) 882)

*S. Michael Camp,* Rock Hill, and *Charles M. Welling, Sanders, London & Welling,* Charlotte, *for appellant.*

*Vernon E. Sumwalt,* Rock Hill, *for respondent.*

March 5, 1981.

NESS, Justice:

This is an appeal from an order of the circuit court holding that the South Carolina Industrial Commission did not have jurisdiction over appellant Edna Vespers' occupational disease claim. We reverse.

Appellant was employed by respondent Springs Mills, Inc., for a period of nine months before she filed her claim for the occupational disease, byssinosis. Prior to this employment in South Carolina, she had been exposed to cotton dust in the same type of employment (textiles) for seventeen years in North Carolina.

The sole issue raised is whether appellant's claim satisfies the jurisdictional requirements of S. C. Code § 42-11-10, *et seq.* (1976). We hold it does.

The Workmen's Compensation Act should be given a liberal interpretation because the purpose of the Act is remedial and humanitarian *Hines v. Hendricks Canning Co., et al.,* 263 S. C. 399, 211 S. E. (2d) 220 (1975); *Simpkins v. Lumbermens Mutual Casualty Co.,* 200 S. C. 228, 20 S. E. (2d) 733 (1942). The right to compensation under the Act is wholly statutory and subject to the restrictions contained therein. *Owens v. Herndon,* 252 S. C. 166, 165 S. E. (2d) 696 (1969).

Three restrictions are dispositive of the issue raised:

Section 42-11-10 provides in pertinent part:

"No disease shall be deemed an occupational disease when:

"(1) It does not result directly and naturally from exposure in this State to the hazards peculiar to the particular employment . . ."

Section 42-11-40 provides:

"In no case shall an employer be liable for compensation for an occupational disease unless such disease was contracted by the employee while in the employ of the employer as a direct result of the employment."

Section 42-11-60 provides:[1]

"No compensation shall be payable for any pulmonary disease arising out of the inhalation of organic or inorganic

---

[1] This section was amended in 1977 changing exposure for byssinosis from one year to seven years. The claim here arose prior to 1977.

dusts unless the claimant shall have been exposed thereto by his employment for a period of at least one year and unless he suffers a total disability therefrom."

Code provisions relating to occupational diseases should be construed together and in relation to the other provisions of this title. *Glenn v. Columbia Silica Sand Co.,* 236 S. C. 13, 112 S. E. (2d) 711 (1960).

The trial judge interpreted these provisions as requiring appellant to have contracted the disease during her employment for a period of at least one year within the State of South Carolina. We disagree and concur in the interpretation reached by the Full Commission who considered all provisions of this title.

In order for appellant to have a valid claim, she must prove:

(1) The disease resulted from exposure in South Carolina to cotton dust peculiar to the textile industry;

(2) She worked in the textile industry for a period in excess of one year; and

(3) That she contracted the disease while working for respondent.

The term "contracted" is a term of art which has been defined for compensation purposes in occupational disease cases as "disablement or death." *Glenn v. Columbia Silica Sand Company, supra.*

We held in *Drake v. Raybestos-Manhattan, Inc.,* 241 S. C. 116 at 121, 127 S. E. (2d) 288 (1962), "[s]o construing them (Code provisions) we conclude that in occupational disease cases compensability accrues when disability . . . or death occurs."

The one year exposure requirement in § 42-11-60 refers to exposure in the same type of employment, and not exposure in this State. See: *Hodges v. Work-*

*men's Compensation Commissioner, et al.,* 123 W. Va. 563, 17 S. E. (2d) 450 (1941).

■ Appellant contracted byssinosis for jurisdictional purposes when she was *disabled* by the disease some nine months after respondent hired her. She had worked in the textile industry for approximately eighteen years, had been exposed to cotton dust during her employment in South Carolina, and contracted the disease while in respondent's employ. Appellant's claim satisfies the jurisdictional requirements under S. C. Code § 42-11-10, *et seq.* (1976).

We reverse the order of the circuit court and re-instate the order of the Commission awarding benefits under the Act to appellant, Edna Vespers.

Reversed.

LEWIS, C. J., and HARWELL, J., concur.

LITTLEJOHN, J., dissents.

GREGORY, J., disqualified.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent. My views are set forth in the order of the circuit judge, which will be printed as my dissent.

## ORDER OF JUDGE HAYES

This matter was heard by me in Chambers at York, South Carolina on May 29, 1979. It involves a claim of the claimant for workmen's compensation benefits based upon all alleged occupational disease in the nature of byssinosis. A Decision and Order of Commissioner J. Dawson Addis was filed on October 18, 1978 denying the claim. This matter had originally been presented upon the pleadings, documents in the file of the South Carolina Industrial Commission and certain stipulations of the parties and agreement or counsel for the parties that the question of jurisdiction should be first decided.

In response to the claim of the claimant, the employer showed affirmatively that the claimant had worked for it from May 12, 1975 until February 6, 1976, a period of less than nine (9) months. A brief history of this litigation shows that a claim was filed on December 16, 1976 with the North Carolina Industrial Commission against the claimant's prior employer, Johnston Manufacturing Company, a North Carolina corporation, where the claimant had worked as a slubber tender in the Carding Department for a period of approximately fifteen (15) years. It alleged that she contracted byssinosis in January, 1975 when Johnston Manufacturing Company closed down. Of course, this was some four (4) months prior to her employment by Springs Mills, Inc. and the claim was filed ten (10) months after she last worked for Springs Mills, Inc. Form 18B filed with the North Carolina Industrial Commission shows that the claimant worked in cotton mills for a period of approximately seventeen (17) years in the State of North Carolina. A report of Dr. Charles D. Williams, Jr. sent to the North Carolina Industrial Commission, but also in the file of the South Carolina Industrial Commission, shows that the claimant was diagnosed as having byssinosis, chronic bronchitis, generalized arteriosclerosis with involvement of thoracic aorta and arteries of the left lower extremity, obesity and vasomotor rhinitis. North Carolina apparently follows the "last injurious exposure" rule. Accordingly, the North Carolina Industrial Commission, upon motion of counsel for the claimant, dismissed her claim by Order dated April 5, 1978. This was eight (8) days prior to the hearing in this claim before the South Carolina Industrial Commission on April 13, 1978.

Form 50 in the subject case was dated January 13, 1978. At that time there was a claim pending in both the State of North Carolina and the State of South Carolina. As stated above, the claimant was obviously barred in the State of North Carolina for the reasons stated above. The question

now presented is whether the claimant can pursue her claim for the condition, which she originally contended was caused by her employment in the State of North Carolina, within this jurisdiction. As stated previously, the claimant worked for Springs Mills, Inc. in the State of South Carolina for a period of less than nine (9) months. On February 6, 1976, the last date that the claimant worked for this employer, the appropriate sections of the South Carolina Code raised by the pleadings and the appeals were Section 72-251 (now Section 42-11-10) defining "occupational disease", Section 72-253 (now Section 42-11-40), which will be referred to hereafter, and Section 72-255 (now Section 42-11-60) defining the requirements for compensation for pulmonary diseases. The following parts of the three (3) sections are applicable to this matter, or have been raised by the pleadings and the appeals:

Section 72-251: "No disease shall be deemed an occupational disease when:

(1) It does not result directly and naturally *from exposure in this State* to the hazards peculiar to the particular employment," * * * (emphasis mine).

Section 72-253: * * * "In no case shall an employer be liable for compensation for an occupational disease *unless such disease was contracted by the employee while in the employ of the employer as a direct result of the employment."* (Emphasis mine.)

Section 72-255: "No compensation shall be payable for any pulmonary disease arising out of the inhalation of organic or inorganic dusts unless the claimant shall have been exposed thereto by his employment for a period of at least one year and unless he suffers a total disability therefrom."

Section 72-255 was amended in 1977 as follows: "provided, however, in claims based on byssinosis the claimant must have been exposed to dust in his employment for a period of at least seven years."

At the time of argument of this appeal before me, there was pending in the Senate of the State of South Carolina a Bill, S. 464, which seeks to amend Section 42-11-40 (formerly Section 72-253) by striking from the section the words "while in the employ of the employer" (previously quoted by me above). At public hearings on this bill, an effort was also being made to eliminate that part of Section 42-11-40 (formerly Section 72-253) which requires that the occupational disease be "contracted while an employee is employed by a particular employer". Though not having the force and effect of law, it is particularly interesting to me to note the intention of the Legislature (Senate) in attempting to amend the law as it existed on February 6, 1976. Such proposed amendments would support the legal position and interpretation placed upon the applicable sections by counsel for the employer and would be diametrically opposed to the legal posititon and interpretation of the applicable statutes by counsel for the claimant.

No citation is necessary for the proposition that all sections of the South Carolina Workmen's Compensation Act must be read and interpreted together. The same is true for the Occupational Diseases portion of the Act. Section 72-251 requires that the occupational disease result directly and naturally from exposure *in this State* to the hazards peculiar to the particular employment. Section 72-253 requires that such disease (byssinosis in this case) be *contracted* by the employee while in the employ of *the* employer as a direct result of the employment. Section 72-255 requires that the claimant must be exposed by his employment for a period of at least one year. The claimant was employed as a slubber tender in the Carding Department at Springs Mills, Inc. during her period of employment of less than (9) months. Obviously, she has worked at the same type of employment for a period of approximately sixteen (16) years. From the record and stipulations before me, it is apparent to me that the claimant "contracted" the disease of byssinosis while

employed by Johnston Manufacturing Company in the State of North Carolina. Had North Carolina not subscribed to the "last injurious exposure" rule, I have no doubt but that the claimant would have been successful had she chosen to continue to prosecute her claim in the State of North Carolina. However, it is equally apparent to me that the claimant did not "contract" her disease of byssinosis while employed for a period of slightly less than nine (9) months by the employer in this case, Springs Mills, Inc. The 1977 amendment to Section 42-11-60 (formerly Section 72-255) clearly shows that it is deemed necessary to be exposed to cotton dust for a period of at least seven (7) years before the disease of byssinosis can be contracted". To hold otherwise would be to say that a person could contract the disease of byssinosis in the State of North Carolina and, if South Carolina had better benefits, seek similar employment in this State and work for as little as one day and be able to recover under our law.

Counsel for the employer argues that Section 72-255 requires that the employee be employed *in this State* in his employment *in this State* for a period of at least one year. In the absence of construing Section 72-251 with Section 72-255, I could not reach the conclusion contended by counsel the particular employment and Section 72-255 requires that there be exposure *"in this State"* to the hazards peculiar to the particular employment and Sectiton 72-255 requires that such exposure be "for a period of at least one year". Taking both of these sections together, and for additional reasons enumerated above, I construe the applicable sections to mean that, on February 6, 1976, an employee would have to have worked for an employer (or, possibly, employers) in this State for a period of at least one year and to have "contracted" the occupational disease while working in this State *for the* employer in order to recover benefits under the applicable statutes.

Counsel for both parties have cited the case of *Glenn v. Columbia Silica Sand Company,* 236 S. C. 13, 112 S. E. (2d) 711 (1960), in support of their respective positions. As stated by Commissioner Addis, this case involved an employee who had worked for the same employer *in this State* and had been exposed to silica dust for four (4) years. The dispute was between two (2) insurance companies. One had been on the coverage up until a few months prior to the last date that the employee worked. The second company had been on the coverage on the date that the employee last worked. The second company attempted to obtain an apportionment of the benefits that the employee was entitled to receive. The Supreme Court refused to do this and held the last insurance carrier responsible for the full benefits. In this decision, our Supreme Court stated as follows:

"Neither the idea of 'apportionment' nor the rule of 'last injurious exposure' is embodied in our Workmen's Compensation Law."

The issues in this case do not involve "apportionment". I do not consider the *Glenn* case to be applicable to the factual and legal issues involved in this case other than for the expression that the "last injurious exposure" rule is not the law in South Carolina.

By a four to two vote, a majority of the Full Commission reversed Commissioner Addis on the basis of the *Glenn* decision. The employer thereafter appealed to this Court. I have carefully reviewed the Briefs filed by counsel for the parties and have carefully reviewed the record in this case. After due deliberation, I conclude that the issues presented in this case have not previously been decided by our Supreme Court. I have therefore given careful consideration to an interpretation of the applicable sections of the law. For the reasons stated hereinbefore,

*It is hereby ordered* that the decision of the Majority Commission of the South Carolina Industrial Commission,

finding that the Commission has jurisdictiton, is hereby *reversed* and judgment is hereby directed for the employer, Springs, Mills, Inc.

And it is so ordered.