21826

Sara J. GRICE, Appellant, v. The GRANITEVILLE COMPANY, American Mutual Liability Insurance Company, and The South Carolina Industrial Commission, Defendants, of whom The Graniteville Company and American Mutual Liability Insurance Company are, Respondents.
(298 S. E. (2d) 446)

*Lucy M. Knowles*, of *Harte & Hatcher*, Aiken, and *Kenneth M. Suggs*, Columbia, *for appellant.*

*Ernest J. Nauful*, Columbia, *for respondents.*

Dec. 20, 1982.

GREGORY, Justice:

This is a workmen's compensation case. The South Carolina Industrial Commission (Commission) and the circuit court dismissed appellant Sara J. Grice's claim on the ground that the Commission lacked jurisdiction over the claim. We affirm.

Appellant, a South Carolina resident, worked in the weave room at the Graniteville Company in South Carolina from 1953 to 1970. In 1971, she was hired by the Graniteville Company in Augusta, Georgia, where she worked until 1976.

Appellant suffered symptoms of the occupational disease byssinosis as far back as the mid to late 1960's. Although appellant quit work in 1970 due to ill health, including breathing problems, she returned to work in 1971 in the weave room at the Graiteville Company in Georgia. The symptoms of byssinosis worsened and appellant left the Graniteville Company in 1976. She later worked for a short time for two non-textile employers.

On February 15,1978, appellant filed a claim with the South Carolina Industrial Commission for workmen's compensation benefits claiming permanent general disability due to byssinosis and a loss of hearing[1] caused by the loud noise in the weave room.

The Hearing Commissioner dismissed appellant's claim finding her last occupational exposure occurred in Georgia, thus, the Commission lacked jurisdiction over the claim. The Full Commission and circuit court affirmed the Hearing Commissioner's Order.

In *Vespers v. Springs Mills, Inc.*, 276 S. C. 94, 275 S. E. (2d) 882 (1981), the sole issue was whether the employee's claim satisfied the jurisdictional requirements of the Occupational Diseases Chapter of the Code, S. C. Code Ann. §§ 42-11-10, *et seq.* (1976 and Code Supp. 1981).

The situation in *Vespers* is the reverse of this case. Mrs. Vespers worked for seventeen years in the textile industry in North Carolina, then worked for nine months in the textile industry in South Carolina. North Carolina follows the "last

---

[1] The circuit court held appellant's claim for loss of hearing was barred by the statute of limitations. Although claimant excepted to this, she did not address the issue in her brief; therefore, the exception is deemed abandoned.

injurious exposure" rule, thus, she was ineligible for benefits in North Carolina.

In *Vespers*, this Court determined an employee, in order to have a valid claim for byssinosis, must prove (1) the disease resulted from exposure in South Carolina to cotton dust peculiar to the textile industry; (2) she worked in the textile industry for longer than one year[2]; and (3) she contracted the disease while working for respondent. This Court held Mrs. Vesper's claim satisfied the jurisdictional requirements of the Code because she "contracted byssinosis for jurisdictional purposes when she was *disabled* by the disease some nine months after respondent hired her." *Vespers*, 275 S. E. (2d) at 884.

Section 42-11-20 of the Code defines "disablement" and "disability":

> As used in this chapter, *"disablement"* means the event of an employee's becoming actually incapacitated, partially or totally, because of an occupational disease, from performing his work in the last occupation in which injuriously exposed to the hazards of such disease, *"partial disability"* means the physical inability to continue work in such occupation only and *"total disability"* means the physical inability to perform work in any occupation. . . .

Applying these definitions it is clear appellant became disabled when she left her employment in Georgia. Thus, for jurisdictional purposes, appellant "contracted" byssinosis while employed in Georgia. *Vespers, supra.*

Accordingly, the order of the circuit court is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and HARWELL, JJ., concur.

NESS, J., not participating.

---

[2] Now, one must be exposed to cotton dust for at least seven years to have a compensable claim for byssinosis. § 42-11-60 of the Code (Code Supp. 1981).