STANLEY W. CROPP

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and* BLAW-KNOX FOUNDRY & MILL MACHINERY

(No. 13871)

Decided July 15, 1977.

*Hostler & Shinaberry, Sterl F. Shinaberry, Charles M. Kincaid* for appellant.

*Phillips, Holden & Marshall, James C. Gardill* for appellee.

MILLER, JUSTICE:

This workmen's compensation case involves the question of whether an employee who has previously been granted a permanent total disability award may obtain additional workmen's compensation benefits arising out of a second industrial accident.

The claimant received a permanent total disability award after sustaining burns over 80 percent of his body on April 23, 1965, while an employee of Blaw-Knox Foundry. Thereafter, on June 10, 1969, Blaw-Knox re-employed the claimant and he worked as a full-time employee until February 27, 1975, when he sustained an injury to his leg while at work.

As a result of the pre-existing burn condition, his leg was more susceptible to injury and an ulcerated area developed which required skin grafting. Claimant was off work and incurred considerable hospital and medical expenses.

His claim for compensation benefits based on this injury was denied by the Commissioner on the ground that the claimant's prior award of permanent total disability precluded the obtaining of any additional workmen's compensation benefits. This order was affirmed by the Appeal Board. We reverse.

It is axiomatic under our Workmen's Compensation Act that in the initial determination of the availability of compensation benefits, the first inquiry centers on whether the injury is compensable. Compensability is determined by W. Va. Code, 23-4-1, which requires that the injury occur in the course of and resulting from the employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W. Va. 796, 172 S.E.2d 698 (1970).

There are certain statutory exclusions to compensability relating to occupations and employers set out in W. Va. Code, 23-2-1. In addition, certain injuries are excluded under the wilful misconduct bar on the part of the employee and the deliberately intended injury on the part of the employer. W. Va. Code, 23-4-2.

None of these exclusions are applicable to the present case. Clearly, if the claimant was not receiving permanent total disability payments, his injury would be held compensable since it arose in the course of and resulted from his employment. We find no provisions in the Act which directly limit compensability of a second injury by virtue of having received a life award.

There are several different categories of benefits statutorily available to injured employees. The question remains whether, within the statutory framework of these benefits, there is language which suggests that such benefits are not warranted if the claimant is receiving a life award.

On the most minimal basis is the benefit relating to reimbursement for medical expenses under W. Va. Code, 23-4-3. This section contains no language limiting the payment of medical expenses arising out of a compensable injury. This Court indicated in *Smith v. State Workmen's Compensation Commissioner*, ___ W. Va. ___, 219 S.E.2d 361, 367 (1975), that the foregoing statute authorizes the Commissioner to establish an unlimited medical expenses fund.

In *Mullens v. State Workmen's Compensation Commissioner*, ___ W. Va. ___, 223 S.E.2d 604 (1976), this Court gave implicit recognition to the fact that an injured employee receiving permanent total disability benefits is still entitled to payments for medical expenses relating to his disability in addition to the permanent total disability payments. While the medical expenses in this case relate to the second industrial accident and therefore the facts differ from *Mullens*, that case does suggest that a life award does not operate to terminate medical reimbursement benefits.

The only statutory language limiting payment of medical expenses is found in W. Va. Code, 23-4-3(d), which indicates that medical payments do not commence until the injury is determined to be compensable. As we have previously noted, the claimant's second injury occurred in the course of and resulting from his employment. The compensability standard has been met, and we find

nothing in the Act which would preclude the receipt of medical benefits.

The prevailing rule under compensation statutes analogous to ours is that medical benefits are extended independent of any limitations contained under disability benefits. *See, Depue v. Barsh Truck Lines,* 493 P.2d 80 (Okla. 1972); *Brooks v. Arkansas-Best Freight System, Inc.,* 247 Ark. 61, 444 S.W.2d 246 (1969); 2 Larson, *The Law of Workmen's Compensation* § 61.11.

When we approach the next level of benefits, that of temporary total disability, we are confronted by more complex factors. As noted in *Perry v. State Workmen's Compensation Commissioner,* 152 W. Va. 602, 165 S.E.2d 609 (1969), under our Workmen's Compensation Act the temporary total disability award precedes a rating for permanent disability. This latter award is made after the injured employee reaches his maximum degree of rehabilitation, at which time the permanent rating is made and these benefits commence.

The employer cites *Dunlap v. State Workmen's Compensation Director,* 149 W. Va. 266, 140 S.E.2d 448 (1965), for the proposition that temporary total disability payments cannot be made for a second injury at the same time the employee is receiving permanent total disability payments. Otherwise the employee will be receiving two compensation payments which will exceed the maximum weekly payment limitation presently set out in W. Va. Code, 23-4-6(k).[1]

*Dunlap* dealt with a situation where the employee was injured on December 8, 1961, and received temporary total disability benefits. On March 25, 1963, he was given a permanent total disability award for his injury. He then sought to compel the Commissioner to make the award payments start from the date of the injury. The Court concluded that this would be improper as the permanent total disability payment would then overlap

---

[1] "Compensation payable under any subdivision of this section shall not exceed the maximum nor be less than the weekly benefits specified in subdivision (b) of this section."

with the temporary total disability payment, resulting in the employee receiving duplicate benefits in excess of the statutory weekly award limit.

We do not believe that *Dunlap* is controlling in this case as it dealt with different compensation benefits for the same injury. Here, we are dealing with two separate industrial injuries.[2] Nor do we believe that W. Va. Code, 23-4-6, relating to the maximum weekly benefits, is applicable to temporary total benefits where there are two separate compensable injuries.

In subsection (l) of W. Va. Code, 23-4-6, specific language deals with the deductibility of temporary total disability benefits as against permanent disability awards.[3] Similar deductibility provisions for temporary total disability have been in W. Va. Code, 23-4-6, since at least the 1931 revision.[4] This deductibility provision has undergone a number of permutations over the years.

---

[2] It would appear that much of the problem in *Dunlap v. State Workmen's Compensation Director*, 149 W. Va. 266, 140 S.E.2d 448 (1965), could have been resolved if the Court had merely stated that the payment of a permanent total disability award follows the payment of a temporary total disability award. Certainly, W. Va. Code, 23-4-18, suggests this result in the use of the phrase "date of disability" instead of "date of injury." *See Burgess v. State Compensation Commissioner*, 121 W. Va. 571, 5 S.E.2d 804 (1939).

[3] W. Va. Code, 23-4-6(l):

"Temporary total disability benefits payable under subdivision (b) of this section shall not be deductible from permanent partial disability awards payable under subdivision (e) or (f) of this section. Compensation, either total temporary or permanent partial, under this section shall be payable only to the injured employee and the right thereto shall not vest in his or her estate, except that any unpaid compensation which would have been paid or payable to the employee up to the time of his death, if he had lived, shall be paid to the dependents of such injured employee if there be such dependents at the time of death."

[4] W. Va. Code, 23-4-6(i) (1931):

"Where an injury results in temporary total disability for which compensation is awarded under subdivision (a) of this section and such injury is later determined permanent partial disability under subdivision (c), the amount of compensation so paid shall be considered as payment of the compensation payable for such injury in accordance with the schedule in subdivision (c) . . . ."

It would serve no useful purpose to detail the changes. Suffice it to say that as of the 1973 amendment, temporary total disability payments could not be deducted from a permanent total disability award, nor could they be deducted from a permanent partial disability award based on scheduled benefit payments. W. Va. Code, 23-4-6(j).[5] In 1974 this section was again amended to state that temporary total disability payments cannot be deducted from permanent partial disability benefits, but apparently can be deducted from a total permanent disability award. W. Va. Code, 23-4-6(l).

If one can perceive any legislative purpose in this area, it is that the Legislature intended to utilize temporary total disability benefits as an offset against permanent disability awards in some instances and not in others. In so doing, we are brought to the conclusion that it is in this area of deductibility of temporary total disability benefits that the Legislature intended to set whatever control it deemed appropriate on duplicate benefit payments.

It is an accepted rule of statutory construction that where a particular section of a statute relates specifically to a particular matter, that section prevails over another section referring to such matter only incidentally. *Kelley & Moyers v. Bowman*, 68 W. Va. 49, 69 S.E. 456 (1910). Consequently, we do not believe that the maximum weekly benefit section currently found in W. Va. Code, 23-4-6(k), controls to limit temporary total disability payments in this case.

Additional support for our view that W. Va. Code, 23-4-6(k), was not intended to operate as a blanket weekly payment limitation on all disability benefits payable under this section is found in the fact that subsection (e)

---

[5] At least since 1931, W. Va. Code, 23-4-6, has recognized the following four categories of disability benefits: (1) Temporary total disability. (2) Permanent partial disability benefits based on a schedule of percent benefits. (3) Permanent partial disability benefits not scheduled. The most common type in this category is the back injury. (4) Permanent total disability benefits.

contains a separate schedule of weekly benefit limits for permanent disability payments. The conclusion seems inescapable that the purpose of the several weekly benefit limitations found in W. Va. Code, 23-4-6, is to simply provide a standard for determining the amount of weekly benefits to be paid for the various categories of disability benefits contained in this section.

When we look to other jurisdictions, we are not able to find any precedent that is of material assistance. The individualized nature of such state workmen's compensation acts makes each of little value in interpreting our own. Many states have total permanent disability award provisions which run for a specific period of time, and in these instances the courts generally hold that a second injury can give rise to additional compensation. Such additional compensation, however, is added at the end of the first award so as to avoid the maximum weekly benefit limit. *See, Walls v. Hodo Chevrolet Company, Inc.,* 302 So.2d 862 (Miss. 1974), and cases cited therein.

Research has not disclosed this matter being considered by a state which has a statute similar to ours authorizing the deductibility of temporary total disability payments.

We face unflinchingly the argument that is advanced to prevent an award which results in duplicate payments found in 2 Larson, *The Law of Workmen's Compensation* § 59.41:

> "There is a practical reason for the holding that awards for successive or concurrent permanent injuries should not take the form of weekly payments higher than the weekly maxima for total disability. At a given moment in time, a man can be no more than totally disabled, and if he is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be argued that it will be more profitable for him to be disabled than to be well—a situation which compensation law always studiously avoids in order to prevent inducement to malingering."

It seems to us that this is a moral and not a legal argument. The right to workmen's compensation benefits is purely statutory. We begin with the premise that if the injury occurs in the course of and resulting from the employment, it is deemed compensable unless there can be found some clear exclusion, which we have not found.

We readily admit that we are not infallible in our attempt to perceive the legislative design. On the other hand, we sense that no workmen's compensation statute can be designed to cover every conceivable factual situation. It is within these interstices of the statute that we are often compelled to operate.

The Act itself acknowledges that an injured workman may receive permanent total disability and yet possess sufficient skills to work. W. Va. Code, 23-4-6(n). This Court has so held in *Posey v. State Compensation Commissioner*, ___ W. Va. ___, 201 S.E.2d 102 (1973), and other cases cited therein.

To say that a life award precludes the obtaining of any additional disability benefits where the injured workman is possessed of sufficient initiative and skills to become re-employed is to embrace a doctrine that human endeavor can ultimately be parceled off in percentages. Before we can arrive at this result, the Legislature will have to state such doctrine with more clarity than we now find in the act.

For the reasons stated, the ruling of the Workmen's Compensation Appeal Board is reversed and the case is remanded to the Commissioner for the award of appropriate medical benefits and temporary total disability payments.

*Reversed and remanded.*