394 S.E.2d 747

**Stella VANDERGRIFF, Widow of Richard Vandergriff**

v.

**WORKERS' COMPENSATION COMMISSIONER and Sewell Coal Company.**

**No. 19454.**

Supreme Court of Appeals of West Virginia.

June 12, 1990.

---

**4.** The record reflects that the State's witnesses were on site and available to testify.

Larry L. Rowe, Thomas H. Zerbe, Charleston, for Stella Vandergriff.

Jeff C. Woods, Jackson & Kelly, Charleston, for Sewell Coal Co.

MILLER, Justice:

In this workers' compensation case, we are asked to determine whether the Workers' Compensation Commissioner and the Workers' Compensation Appeal Board were correct in holding that lump sum death benefits paid under W.Va.Code, 23–4–10(e) (1978), could be used as an offset against widow's benefits payable under W.Va. Code, 23–4–10(b)(1) (1978).

On May 5, 1987, Richard Vandergriff, a disabled coal miner, died. At the time of his death, Mr. Vandergriff was receiving permanent total disability (PTD) benefits as a result of a severe back and neck injury he incurred in a mining accident. The Commissioner granted his widow, Stella Vandergriff, a lump sum payment of 104 weeks of death benefits pursuant to W.Va. Code, 23–4–10(e), which authorizes such payment "[i]f a person receiving [PTD] benefits dies from a cause other than a disabling injury." [1]

Thereafter, it was determined that Mr. Vandergriff's death was a result of respiratory problems due to occupational pneumoconiosis (OP). Mrs. Vandergriff filed for widow's benefits under W.Va.Code, 23–4–10(b)(1).[2] The OP Board found from the

---

**1.** The complete text of W.Va.Code, 23–4–10(e), is:

"If a person receiving permanent total disability benefits dies from a cause other than a disabling injury leaving any dependents as defined in subdivision (d) of this section, a lump sum payment shall be made to such dependents in an amount equal to one hundred four times the weekly benefit the worker was reciving [sic] at the time of his death."

**2.** The applicable language of W.Va.Code, 23–4–10(b)(1), is:

available medical evidence that OP was a major contributing factor in Mr. Vandergriff's death.

Based on the OP Board's finding, the Commissioner, by an order dated June 9, 1988, granted Mrs. Vandergriff widow's benefits under W.Va.Code, 23–4–10(b)(1). The Commissioner subsequently ruled, however, that the award should be offset by the amount of the lump sum benefits previously granted Mrs. Vandergriff under W.Va.Code, 23–4–10(e) and ordered the payment of widow's benefits delayed until 104 weeks had elapsed.

Mrs. Vandergriff apparently protested[3] this ruling, but by an order dated January 24, 1989, the Commissioner affirmed the prior order, holding that the provisions of W.Va.Code, 23–4–10(e), and W.Va.Code, 23–4–10(b)(1), were mutually exclusive and therefore barred dependents from receiving both types of benefits. Mrs. Vandergriff appealed, but the Appeal Board affirmed the Commissioner's ruling.

> "In case a personal injury, other than occupational pneumoconiosis or other occupational disease, suffered by an employee in the course of and resulting from his employment, causes death, and disability is continuous from date of such injury until date of death, or if death results from occupational pneumoconiosis or from any other occupational disease, the benefits shall be in the amounts and to the persons as follows:
>
> \*     \*     \*     \*     \*     \*
>
> "(b) If there be dependents as defined in subdivision (d) of this section, such dependents shall be paid for as long as their dependency shall continue in the same amount as was paid or would have been paid the deceased employee for total disability had he lived. The order of preference of payment and length of dependence shall be as follows:
> "(1) A dependent widow or widower until death or remarriage of such widow or widower[.]"

3. The parties assert that Mrs. Vandergriff actually filed a motion to annul the offset ruling and to grant a supplemental award of benefits. Neither that motion nor the June 9, 1988 order granting her widow's benefits is in the record before this Court.

4. *See* 1978 W.Va. Acts ch. 108.

5. The applicable portion of W.Va.Code, 23–4–10 (1975), is:

At issue here is whether Mrs. Vandergriff was entitled to lump sum death benefits under W.Va.Code, 23–4–10(e). We have not had occasion to interpret this provision. Prior to its enactment in 1978,[4] dependents could only obtain death benefits pursuant to W.Va.Code, 23–4–10(b) (1975). To obtain benefits under this statute, a dependent was, and still is,[5] required to satisfy the following conditions: First, the deceased employee must have suffered a compensable personal injury or contracted OP or another occupational disease.[6] Second, this injury or disease must have caused the employee's death. Third, if death was due to injury, the disability must have been continuous from the date such injury occurred until the date of death.[7] Thus, the hallmark of a widow's claim for benefits under W.Va.Code, 23–4–10(b), is the death of her employee husband from a work-related disabling injury or disease. If the employee's death is not so caused, death benefits are not available to dependents under W.Va.Code, 23–4–10(b).[8] *See*

> "In case a personal injury, other than occupational pneumoconiosis or other occupational disease, suffered by an employee in the course of and resulting from his employment, causes death and disability is continuous from date of such injury until date of death, or if death results from occupational pneumoconiosis or from any other occupational disease, the benefits shall be in the amounts and to the persons as follows: ..."

This same language is contained in the present Code section, W.Va.Code, 23–4–10 (1978). *See* note 2, *supra.*

6. By definition under W.Va.Code, 23–4–1 (1989), an occupational disease or OP must be work related. *Hudson v. State Workmen's Compensation Comm'r,* 162 W.Va. 513, 256 S.E.2d 864 (1979). W.Va.Code, 23–4–10(b), recognizes that once contracted and diagnosed as disabling, the disability from such a disease is continuous. *See Javins v. Workers' Compensation Comm'r,* 173 W.Va. 747, 756–757, 320 S.E.2d 119, 128–29 (1984).

7. In *Evans v. State Compensation Dir.,* 150 W.Va. 161, 144 S.E.2d 663 (1965), we held that while the disability must be continuous, it need not be a total disability.

8. Under W.Va.Code, 23–4–6(g) (1986), where an employee has received a permanent partial disability award and dies from unrelated causes, the unpaid balance of his award is payable to

*Hudson v. State Workmen's Compensation Comm'r*, 162 W.Va. 513, 256 S.E.2d 864 (1979).

■ It is against this backdrop that we analyze the 1978 amendment which created W.Va.Code, 23–4–10(e). This statute allows a dependent of a deceased employee to receive a lump sum payment equal to 104 weeks of benefits if the following three conditions have been met: (1) the decedent was "receiving permanent total disability benefits" at his death; (2) the death was "from a cause *other than a disabling injury*"; and (3) the decedent died "leaving ... dependents as defined in subdivision (d)" of the provision.[9] (Emphasis added).

For purposes of this appeal, the key language is the requirement that the employee "dies from a cause other than a disabling injury." Mrs. Vandergriff argues that because her husband did not die from the disabling injury which resulted in his PTD award, i.e., his neck and back injury, she was entitled to benefits under this provision.

We might have been swayed by this argument had the legislature used the word "such" before the term "disabling injury," so that the operative phrase in W.Va.Code, 23–4–10(e), read: "If a person receiving permanent total disability benefits dies from a cause other than [such] disabling injury, ..." However, the use of the indefinite article "a" imports a cause of death other than *any* disabling injury.

■ Our traditional rule with regard to statutory construction was stated in Syllabus Point 1 of *Tanner v. Workers' Compensation Commissioner*, 176 W.Va. 427, 345 S.E.2d 29 (1986):

" ' "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968).' Syllabus Point 2, *State ex rel. Underwood v. Sil-*

*verstein*, [167 W.Va. 121], 278 S.E.2d 886 (1981)."

The plain language of W.Va.Code, 23–4–10(e), states that dependents of an employee who dies from a disabling injury are not eligible for the lump sum death benefits provided by that section. The clear purpose of the statute is to provide limited benefits to dependents of a deceased employee who are not eligible for ordinary statutory death benefits under W.Va.Code, 23–4–10(b). As we earlier pointed out, in order to recover death benefits under this latter section, the employee's death must have resulted from a work-related disabling injury.

Mrs. Vandergriff argues that the legal analysis used in *Cropp v. State Workmen's Compensation Commissioner*, 160 W.Va. 621, 236 S.E.2d 480 (1977), is applicable here. In *Cropp*, we held that a person receiving PTD benefits who was subsequently injured in the workplace could obtain medical and temporary total disability benefits for the new injury. After an extensive review of the applicable workers' compensation statute, we noted some provisions that had specific offset language. However, we could find no offset language with regard to *Cropp*'s facts. More importantly, both the medical payments and temporary total disability benefits sections contained clear language making them available to any work-related injury.

■ We are not in a *Cropp* situation where both statutes facially extend benefits to the claimant. Benefits payable to dependents under W.Va.Code, 23–4–10(e), are available only where the employee's death resulted from causes "other than a disabling injury." On the other hand, where the employee's death is a result of a compensable disabling injury or disease, widow's benefits are payable under W.Va. Code, 23–4–10(b). By utilizing the concepts of disabling and nondisabling injuries, the

his dependents. This is referred to as a derivative benefit rather than a death benefit. The dependent does not receive a separate benefit, but only the remainder of the claimant's existing benefit. *See Ashworth v. Workmen's Com-*

*pensation Comm'r*, 150 W.Va. 537, 148 S.E.2d 364 (1966).

**9.** For the text of W.Va.Code, 23–4–10(e), see note 1, *supra*.

two statutes provide separate and distinct eligibility requirements.

In this case, Mrs. Vandergriff has shown that her husband's death was the result of a disabling compensable injury, i.e., the disease of OP. Under W.Va.Code, 23–4–10(b), she was eligible for and was awarded widow's death benefits. Because the death was from a disabling injury, she was not eligible for the lump sum death benefits provided in W.Va.Code, 23–4–10(e). Consequently, it was proper for the Commissioner to order the benefits previously paid under W.Va.Code, 23–4–10(e), to be offset against the widow's benefits payable under W.Va.Code, 23–4–10(b).[10]

Based on the present status of the record, we affirm the decision of the Commissioner and the Appeal Board.

Affirmed.

**10.** The record reflects that the employer protested the Commissioner's order awarding death benefits because of OP. If this award is overturned on the ground that the employee did not die from OP, his death would be other than from a disabling injury while receiving PTD benefits, and the widow would be entitled to the lump sum benefits payable under W.Va.Code, 23–4–10(e).