**CARBON FUEL COMPANY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; Verna Kyle, widow of John Kyle, Respondents.**

No. 93–1935.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 7, 1994.

Decided March 30, 1994.

**ARGUED:** Douglas Allan Smoot, Jackson & Kelly, Charleston, WV, for petitioner. Helen Hart Cox, U.S. Dept. of Labor, Washington, DC, for respondent Director; Edward G. Atkins, Charleston, WV, for respondent Kyle. **ON BRIEF:** Ann B. Rem-

brandt, Jackson & Kelly, Charleston, WV, for petitioner. Thomas S. Williamson, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., Michael J. Denney, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, DC, for respondent Director.

Before WILKINSON and HAMILTON, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.

## OPINION

WILKINSON, Circuit Judge:

The question before us is whether a survivor's federal black lung benefits must be offset by a state workers' compensation award where both awards depended upon a showing that the decedent had been totally disabled due to pneumoconiosis, although pneumoconiosis was not the cause of death. Because the offset provision of the federal Black Lung Benefits Act, 30 U.S.C. § 932(g), requires an offset of state workers' compensation benefits which are conditioned upon death *or* disability due to pneumoconiosis, we hold that the offset is required in this case. We thus reverse the decision of the Benefits Review Board to the contrary.

### I.

Plaintiff Verna Kyle is the widow of John Kyle. John Kyle worked as a coal miner in West Virginia for several decades. Following his retirement from the mines in 1973, Kyle filed claims for both federal black lung and state workers' compensation benefits. In 1975, the West Virginia Occupational Pneumoconiosis Board found John Kyle to be totally and permanently disabled due to occupational pneumoconiosis. The West Virginia Workers' Compensation Commission then awarded Kyle state workers' compensation benefits on the basis of that disability determination. The Department of Labor's Office of Workers' Compensation Programs ("OWCP") similarly found John Kyle to be eligible for a federal award under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945, and named Carbon Fuel Company as the coal mine operator liable for paying the federal benefits. However, because Kyle was also

receiving state workers' compensation benefits, OWCP offset his federal award by the amount he received from West Virginia. *See* 30 U.S.C. § 932(g).

In 1989, John Kyle died of metastatic cancer, which was unrelated to his pneumoconiosis, and Verna Kyle filed for federal and state survivor's benefits. Because John Kyle had died of causes unrelated to the disability for which he was receiving state workers' compensation, West Virginia granted his widow a lump sum payment equal to 104 weeks of his state workers' compensation payments. *See* W.VA.CODE § 23–4–10(e). OWCP also awarded Verna Kyle survivor's benefits. However, because she was receiving state payments as well, OWCP offset Verna Kyle's federal black lung benefits by the amount of her state award. Kyle protested the offset, and the case was heard before an Administrative Law Judge in March 1991.

After the hearing, the ALJ rejected the offset from Verna Kyle's federal benefits. This decision was upheld on appeal by the Benefits Review Board, with one judge dissenting. Applying West Virginia law, the Board found Verna Kyle's claim for state survivor's benefits to be distinct from her husband's original receipt of workers' compensation. Verna Kyle, the Board reasoned, received survivor's benefits from the state because her husband had died of cancer, not because of his occupational pneumoconiosis. The Board concluded that her state award could not be used to offset her federal award because federal black lung benefits may be offset only by those state benefits granted on the basis of pneumoconiosis. OWCP and Carbon Fuel Company appeal the Board's decision.

### II.

Because this dispute involves the interpretation of the federal and West Virginia statutory schemes for awarding black lung benefits, we begin our analysis with those provisions. In passing the Black Lung Benefits Act, 30 U.S.C. §§ 901–945, Congress did not intend that the federal government would become the primary benefits provider. Rather Congress expressed "a clear legisla-

tive desire ... for state workers' compensation programs to be the primary provider of disability payments and for the federal government to be responsible only if the state program is not adequate." *Freeman v. Harris,* 625 F.2d 1303, 1307 (5th Cir.1980). Thus, while the Act's benefit structure does ensure that miners suffering from pneumoconiosis—as well as their dependents—receive sufficient support, *see* 30 U.S.C. §§ 921–922, it also includes an "offset" provision which reduces federal benefits by the amount of any state award. This "offset provision was enacted to avoid the duplication of Workman's Compensation benefits by Black Lung benefits." *Director, OWCP, United States Dep't of Labor v. Barnes & Tucker Co.,* 969 F.2d 1524, 1526 (3d Cir.1992). The offset provision reads:

> The amount of benefits payable under this section shall be reduced, on a monthly or other appropriate basis, by the amount of any compensation received under or pursuant to any Federal or State workmen's compensation law because of death or disability due to pneumoconiosis.

30 U.S.C. § 932(g); *see also* 20 C.F.R. § 725.535(a).

Whether there will be any offset under § 932(g) therefore depends on the presence of a state workers' compensation award made "because of death or disability due to pneumoconiosis." In this case, the West Virginia award was made pursuant to § 23–4–10(e) of the West Virginia Code. Section 23–4–10(e) reads in relevant part:

> (e) If a person receiving permanent total disability benefits dies from a cause other than a disabling injury leaving any dependents as defined in subdivision (d) of this section, a lump sum payment shall be made to such dependents in an amount equal to one hundred four times the weekly benefit the worker was rec[e]iving at the time of his death.

John Kyle died from causes unrelated to his occupational disability (pneumoconiosis), and it is undisputed that Verna Kyle is eligible for state benefits under § 10(e).

### III.

■ On appeal, Verna Kyle contends that the fact that her benefits were awarded under W.VA.CODE § 23–4–10(e) is dispositive of the offset issue. Reflecting the reasoning of the Benefits Review Board, Kyle maintains that her state benefits arose out of her husband's death from a cause unrelated to occupational pneumoconiosis. Indeed, she characterizes her § 10(e) award as one she was entitled to receive precisely because her husband's death had nothing to do with pneumoconiosis. Therefore, Kyle concludes, the Benefits Review Board correctly decided that the state award could not be used to offset her federal benefits.

We disagree. Kyle's reliance on the fact that her husband did not die from pneumoconiosis ignores the language of 30 U.S.C. § 932(g). Section 932(g) states that federal black lung benefits will be offset by state awards granted "because of death *or disability* due to pneumoconiosis." (emphasis added). That section plainly establishes an offset not only for state awards granted due to death caused by pneumoconiosis but also for state awards granted due to occupational disability caused by pneumoconiosis. Verna Kyle's § 23–4–10(e) benefits fall into the latter category.

It cannot be disputed that Verna Kyle received her state award because her husband was totally disabled due to occupational pneumoconiosis at the time of his death. Indeed, her eligibility for the § 10(e) benefits was predicated on the fact that her husband had been declared totally disabled by virtue of pneumoconiosis more than a decade before. The West Virginia Code indicates as much by stating that in order for the surviving dependent to receive benefits, the deceased must have been "receiving permanent total disability benefits" at the time of death. W.VA.CODE § 23–4–10(e); *see Vandergriff v. Workers' Compensation Comm'r,* 183 W.Va. 148, 394 S.E.2d 747, 750 (1990) (stating that § 23–4–10(e) "allows a dependent of a deceased employee to receive" compensation if, among other things, "the decedent was 'receiving permanent total disability benefits' at his death"). Had John Kyle not been totally disabled by pneumoconiosis at

the time of his death—and receiving state benefits because of that disability—his wife would not have been granted § 10(e) benefits by West Virginia.

The basis of Verna Kyle's state award in this case must, therefore, be seen as her husband's occupational pneumoconiosis. Once this determination is made, the plain language of § 932(g) dictates an offset of Kyle's federal benefits.

This result comports with the intent of the Black Lung Benefits Act as well. Verna Kyle is a beneficiary of West Virginia's decision to provide support to the dependents of coal miners who suffered from pneumoconiosis. The fact that § 23–4–10(e) authorizes benefits even when pneumoconiosis is not the ultimate cause of death is of little moment. It remains the case that West Virginia's laws ameliorate what Congress twenty-five years ago found to be the deplorable condition of the nation's miners. *See* H.R.REP. No. 91–563, 91st Cong., 1st Sess. (1969), *reprinted in* 1969 U.S.C.C.A.N. at 2503. To nonetheless find Kyle entitled to full federal benefits would permit the sort of double recovery plainly discouraged by the language, structure, and legislative purpose of the Black Lung Benefits Act. That Act intended federal benefits to serve only as a supplement to inadequate state awards. Offsetting Verna Kyle's federal award by the amount of her state benefits ensures the effectuation of that intent.

### IV.

■] Finally, Kyle argues that even if we do find an offset to be necessary, then only one month's worth of her federal benefits should be offset, because her state benefits were paid out as one lump sum. We find no merit in this argument. The calculation of the payment amount, not the actual manner of payment, is the central issue here. Even though Kyle is entitled to a lump sum award from West Virginia, that award is based on 104 weeks of her husband's benefits. Her federal benefits should, therefore, also be offset for a 104 week period. *See* 20 C.F.R. § 725.535(c).

### V.

For the foregoing reasons, the decision of the Benefits Review Board is reversed and the case is remanded to the Director of the Office of Workers' Compensation Programs for calculation of the correct amount of the offset.

*REVERSED AND REMANDED.*