# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Sue Ellen Delung, widow of**
**Russell Delung (deceased)**
**Claimant Below, Petitioner**

**v.)**     **No. 22-0145**   (BOR Appeal No. 2057240)
(JCN: 2016019765)

**Speed Mining, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sue Ellen Delung, widow of Russell Delung (deceased) appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Speed Mining, LLC, filed a timely response.[1] The issue on appeal is whether Mr. Delung's occupational pneumoconiosis was a material contributing factor in his death, thus entitling Mrs. Delung to dependent's benefits. On January 24, 2018, the claim administrator approved Mrs. Delung's claim for dependent's benefits on the basis that occupational pneumoconiosis was a material contributing factor in Mr. Delung's death. The Workers' Compensation Office of Judges ("Office of Judges") reversed the claim administrator's order on August 10, 2021, and denied the claim for dependent's benefits. The decision of the Office of Judges was affirmed by the Board of Review on January 20, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On January 27, 2016, Mrs. Delung filed an Application for Dependent's Benefits form, along with a death certificate completed by E. J. Salon, M.D., stating that the immediate cause of Mr. Delung's death was metastatic squamous cell carcinoma due to stage four esophageal carcinoma. The other significant conditions listed as contributing to Mr. Delung's death were anemia, leukocytosis, and hypertension.

The Occupational Pneumoconiosis Board ("OP Board") evaluated the claim and issued its findings in a report dated October 19, 2017. The OP Board considered the medical evidence in the claim, as well as the death certificate and autopsy reports before concluding that occupational pneumoconiosis was a material contributing factor in Mr. Delung's death. The OP Board reviewed

---

[1] The petitioner is represented by John H. Shumate, Jr., and the respondent is represented by T. Jonathan Cook.

1

the x-ray evidence and CT scans in the record, and found that the testing showed nodular fibrosis in all lung zones with a coalescence of nodules in the mid and upper lung zones. A pulmonary overexpansion was also observed, which was consistent with chronic obstructive pulmonary disease. On January 24, 2018, the claim administrator entered an order granting the claim for dependent's benefits based on the OP Board's finding that occupational pneumoconiosis was a material factor in Mr. Delung's death. The employer protested the claim administrator's decision.

On June 27, 2018, members of the OP Board testified at an initial hearing and, this time, concluded that occupational pneumoconiosis was not a material contributing factor in Mr. Delung's death. Jack L. Kinder, M.D., the chair of the OP Board, testified that "this is somewhat of a complex case" because of Mr. Delung's pretty extensive medical history prior to his death. Dr. Kinder testified:

> This gentleman developed an upper head and neck cancer. Actually, it was palatine tonsils cancer. It was a squamous cell cancer. He had a history of smoking. It's most likely what caused his cancer. It could also be other viral infections and such forth. But let's just say for now he had cancer that was most likely caused by smoking.

Dr. Kinder stated that the difficulty in this case comes from the fact that "somewhere in the literature, it was changed from a head and neck cancer of palatine tonsil to esophageal cancer. Dr. Kinder did not know the basis for Mr. Delung's condition diagnosed as esophageal cancer.

Dr. Kinder further testified that Mr. Delung was treated for head and neck cancer in 2014, and he initially responded well to the treatment. However, a new metastatic lesion was observed in his vocal cord a year before his death. Dr. Kinder testified that Mr. Delung was treated with chemotherapy, but he passed away due to complications from his metastatic cancer. Dr. Kinder set forth the basis of his prior finding of a material contributing factor as follows:

> But to me, I'm looking at it, and I'm wondering if the physician who was treating him had that information and thought this was diagnosed now as esophageal cancer that is widely metastatic to the lung, as well as to the new lesion in the vocal cord, and he was treating him with aggressive chemotherapy based on those findings. If that were the case, and it was that he was misinterpreting that this was metastatic disease in the chest, then in my view, that may have played a role . . . a material contributing factor . . . even though it didn't cause his death. It may have caused a misinterpretation of data, and therefore, maybe an overly aggressive treatment that caused his demise.

Dr. Kinder concluded that Mr. Delung died "as a result of cancer to the head and neck that was metastatic, and the treatment related to that." Dr. Kinder acknowledged that Mr. Delung had "fairly good pulmonary functions before his cancer treatment, before his cancer was diagnosed." However, based upon the newest findings, Dr. Kinder changed his opinion and concluded that occupational pneumoconiosis did not contribute in any material degree in Mr. Delung's death.

On August 28, 2019, Chauanfang Jin, M.D., reviewed Mr. Delung's records, at the request of the employer, and provided a report stating that because Mr. Delung experienced significant and rapid weight loss, severe anemia, frequent infections due to chemotherapy, and electrolytes disturbance shortly before his death, the medical record strongly indicates that Mr. Delung's death was due to metastatic squamous cell carcinoma. Dr. Jin concluded that coal workers' pneumoconiosis was not a material contributing factor in his death.

At the final hearing held on April 21, 2021, members of the OP Board testified that Mr. Delung's chest x-rays showed parenchymal and nodular parenchymal opacities consistent with occupational pneumoconiosis. However, John A. Willis, M.D., testified that malignancy was found in Mr. Delung's autopsy, with a focus on adenocarcinoma. Dr. Willis explained that a soft-tissue nodule of pneumoconiosis would mimic metastatic disease, and it was possible that some of the nodules were metastatic. Dr. Kinder testified that the death certificate lists metastatic squamous cell cancer and stage four esophageal cancer. Dr. Kinder also noted that Mr. Delung was found to have squamous cell cancer of the tonsil with metastasis to the lymph nodes in 2014. According to Dr. Kinder, Mr. Delung developed problems from the recurrence of his squamous cell cancer, and ultimately passed away due to complications of treatment of the cancer. With respect to Mr. Delung's autopsy, Dr. Kinder testified:

> The autopsy listed that, in the final summary or comments, that he had evidence of centrilobular emphysema. He had residual adenocarcinoma, I'm not sure where that came from, present in the left lung. The immediate cause of death was acute bronchopneumonia, which the underlying cause was a progressive massive pulmonary fibrosis, a complication of coal workers pneumoconiosis . . . .

Although the autopsy mentioned an incidental focus of adenocarcinoma in the perivascular space of the left lung, Dr. Kinder stated it was a very small cancer, and he opined that it was not contributory to Mr. Delung's death. Dr. Kinder further testified that occupational pneumoconiosis did not cause Mr. Delung's head and neck area cancer, nor did it hasten his death. It was Dr. Kinder's opinion that Mr. Delung would have died, as he did, from complications of treatment of metastatic squamous cancer of the head and neck whether or not he had pneumoconiosis.

In a final decision dated August 10, 2021, the Office of Judges reversed the January 24, 2018, claim administrator order approving the claim for dependent's benefits. Based upon the OP Board's testimony, the Office of Judges found that the employer had shown that occupational pneumoconiosis was not a material contributing factor in Mr. Delung's death. The Office of Judges determined that the OP Board's initial recommendation that occupational pneumoconiosis was a material contributing factor was incorrect and clearly wrong. In an order dated January 20, 2022, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior ruling of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of

constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code § 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

In this case, as a dependent, Mrs. Delung filed an application seeking dependent's benefits under West Virginia Code § 23-4-10(b), which provides for dependent's benefits if an employee's death results from occupational pneumoconiosis. "To obtain benefits under West Virginia Code, 23-4-10(b) (1978), a dependent is required to satisfy the following conditions: First, the deceased employee must have suffered a compensable personal injury or contracted occupational pneumoconiosis or another occupational disease. Second, this injury or disease must have caused the employee's death. Third, if death was due to the injury, the disability must have been continuous from the date such injury occurred until the date of death." Syl. Pt. 1, *Vandergriff v. Workers' Compensation Comm'r*, 183 W. Va. 148, 394 S.E.2d 747 (1990). Mrs. Delung asserts on appeal that the appropriate test under West Virginia Code § 23-4-10(b) is not whether the employee's death was the result of the occupational injury or disease exclusively, but whether the injury or disease contributed in any material degree to the employee's death. *See* Syl. Pt. 3, *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 408 S.E.2d 13 (1991).

After review, we agree with the decision of the Office of Judges as affirmed by the Board of Review. The OP Board initially recommended, in its October 19, 2017, report, that occupational pneumoconiosis was a material contributing factor in Mr. Delung's death. However, on June 27, 2018, the members of the OP Board explained that its initial determination that occupational pneumoconiosis was a material contributing factor in Mr. Delung's death was incorrect. Dr. Kinder stated that Mr. Delung's problems were from the recurrence of his squamous cell cancer. As a result, the OP Board determined that Mr. Delung underwent aggressive chemotherapy, leading to complications, which was the cause of his death. The OP Board's opinion was corroborated by the report from Dr. Jin, who reviewed Mr. Delung's records and concluded that coal workers' pneumoconiosis was not a material contributing factor in the decedent's death. Based upon the evidence in the record, the Board of Review did not err in affirming the decision of the Office of Judges, which was based upon the OP Board's finding that occupational pneumoconiosis did not materially contribute to Mr. Delung's death.

Affirmed.

**ISSUED: March 20, 2024**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn